171 So. 725

### COOLEY v. STATE.

I Div. 905.

Supreme Court of Alabama.

Dec. 17, 1936.

Rehearing Denied Jan. 21, 1937.

408

A. A. Carmichael, Atty. Gen., and Francis. M. Kohn, Asst. Atty. Gen., for the State.

Granade & Granade, of Chatom, for appellant.

FOSTER, Justice.

The indictment charges appellant with. murder in the first degree. He was found guilty of murder in the second degree, and. punishment fixed at twenty-five years in. the penitentiary.

There had been a lawsuit in a justice court, which we might infer was as to the possession of the house in which defendant lived. It was decided in favor of deceased. Defendant had a garden and some vegetables and potatoes, and deceased went to the house where defendant was living, and where defendant shot and killed him.

Appellant has assigned errors on the record, but his counsel do not argue them in the order of their assignment, but stress three points as a reason for reversal. We will consider them in that order, and then proceed to the others not argued, as required by section 3258, Code.

■ The first point is that the court overruled objection to evidence of threats, inculpatory statements, and a confession by defendant that he shot deceased before proof was made of the corpus delicti. The proof was that deceased was found lying dead near the edge of the porch where defendant lived with a hole shot in his chest or throat with buckshot. There was no shotgun there or other evidence that it was suicide. A fair inference is that he was shot by some person. Martin v. State, 90 Ala. 602, 8 So. 858, 24 Am.St.Rep. 844. The law infers that it was unlawfully done in the absence of proof to the contrary. Gibson v. State, 89 Ala. 121 (5), 127, 8 So. 98, 18 Am.St.Rep. 96; Warren v. State, 197 Ala. 313, 72 So. 624; 11 Alabama Digest, Homicide, 345, ⊙151. Circumstantial evidence may afford satisfactory proof of the corpus delicti. Hill v. State, 207 Ala. 444, 93 So. 460.

■ The requirement of the law is that confessions must be corroborated as to the fact that deceased was killed by some person intentionally in order for his conviction to be sustained. Usually the court will decline to receive evidence of threats or a confession until such proof is made, but, if it is admitted and later the preliminary proof is supplied, there is no harm done, and the error, if any, is cured. 16 Corpus Juris, 737; Ridgell v. State, 156 Ala. 10, 47 So. 71, 75; Palmer v. State, 168 Ala. 124, 53 So. 283; 16 Corpus Juris, 865, §§ 2180, 2181.

■ In this case both defendant and his wife testified that defendant shot and killed deceased. So that, before the evidence of threats and confessions was admitted, we think there was sufficient circumstantial evidence of the corpus delicti. But, if not so, it was proven later by defendant and his wife, and that cured any possible error.

Moreover, since defendant testified that he killed deceased, his confession that he did was admitted without prejudice.

The same principles apply to the evidence of inculpatory statements made by defendant and also his threats directed against deceased.

After defendant had testified and rested his case, the State, on rebuttal, proved by Lane, without objection, that the general reputation of defendant was bad; "that he wants to be a bully and has the reputation in that section of being a bully." The same proof was made by the witness Stallworth also that "I forbade him coming on my premises any more after two or three things he did down there"—all as one narrative, following other matters in the same narrative.

The bill of exceptions recites that "defendant objected to each of the above questions before they were answered because only defendant's reputation for truth and veracity is at issue, and because defendant's reputation subsequent to the killing cannot be inquired into," and "the court overruled each of the objections, whereupon the defendant did then and there in open court duly except."

It was then brought out that his knowledge of defendant was acquired after the killing. Defendant then moved "the court to exclude each and every portion of the testimony of Stallworth on the ground that only defendant's reputation for truth and veracity is at issue, and that no evidence of defendant's reputation subsequent to the killing can be offered." But the bill of exceptions shows no ruling on that motion, nor exception reserved.

■ But to state some of the rules sought to be applied: If he has not testified, the inquiry as to defendant's character when admissible is limited to the time of the alleged crime or prior to it. Carter v. State, 226 Ala. 96, 145 So. 814. For impeachment of a witness the law permits evidence of general character, not limited to truth and veracity, but not including special traits not affecting truth and veracity, Dolan v. State, 81 Ala. 11, 12 (5), 1 So. 707; Sweatt v. State, 156 Ala. 85, 47 So. 194; Cox v. State, 162 Ala. 66, 50 So. 398; and the time of the inquiry extends to the trial, Carter v. State, supra. But, when he has not put his character in evidence, and has testified as a witness, the State can only offer such character evidence as is admissible for impeachment.

**410**

■ The bill of exceptions shows a grouping of the objection in one statement, to "each of the above questions before they were answered." Pretermitting the fact that the questions do not appear, and all of them may have been proper, the effect of the statement is to group the objections without taking a separate ruling and exception as to each. The answer is one narrative, and could have been in response to one question, and no motion is made to exclude any certain part of the answer, with a ruling and exception. "The objectionable answers, if any there were, should have been specifically pointed out." McCleskey v. Whitman & Howell Cotton Co., 147 Ala. 573, 580, 42 So. 67, 69.

■ When an objection is made to a narrative as a whole, and some of it is legal, there is no error in overruling the objection. 27 Alabama and Southern Digest, p. 64, ☞85; 12 Michie Dig. 368, 369, 532, 533; 64 Corpus Juris, 198, note 74 (Alabama cases cited). And this is so though the objection asserts that it is to each part separately, without a specific objection directed separately to such part as is objectionable.

■ There does not appear to have been an objection to the evidence that he was a bully, or that part which says that the witness forbade him coming on his premises after two or three things he did, with a ruling and·an exception relating to that feature only of his testimony. He could testify to his general reputation at the time of the trial, though he acquired this knowledge after the killing. So that some of the evidence in the group was legal. The court cannot be put in error in respect to the ruling.

Appellant also insists that the affirmative charge was due him, or that his motion for a new trial should have been granted, because the only evidence which directly related to the incidents of the killing showed that it was in self-defense; that was evidence given by himself and his wife. No one else saw the occurrence or gave evidence as to its details.

■ But it is well settled that, when one kills another by the intentional use of a deadly weapon, malice, design, and motive may be inferred without more, and are presumed, unless the evidence which proves the killing rebuts the presumption, and casts on defendant·the burden of rebutting it, and to show self-defense or other justifi-

cation, if he can. Hadley v. State, 55 Ala. 31; Gibson v. State, 89 Ala. 121, 8 So. 98, 18 Am.St.Rep. 96; Hornsby v. State, 94 Ala. 55, 66, 10 So. 522, and a host of recent cases. 11 Alabama Digest, Homicide, 345, ☞151 (3).

■ Defendant's testimony admits an intentional killing with a deadly weapon. The burden was then upon him to prove that he was in imminent peril of life or serious bodily harm, and that he shot to protect himself. This was necessary to show self-defense, though he was in his own home, and had no duty to retreat and was free from fault in provoking the difficulty. And, though the evidence of defendant may have been without dispute, its credibility was for the jury as well as its tendency to show imminent peril. They were not bound to accept it as true, nor to draw an inference of danger from the circumstances. Indeed, they might well have rejected it in their discretion. Since they did so, their verdict was well supported. ·

We have discussed the matters argued in brief; and in addition have considered all the assignments of error which appellant made, though it was not necessary to assign errors (section 3258, Code), and the entire record, and do not think there appears reversible error in any of them. ·

The judgment is affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.