175 So. 407

## BERRY v. STATE.

### 6 Div. 123.

Court of Appeals of Alabama.

May 18, 1937.

Rehearing Denied June 8, 1937.

508

Ross, Bumgardner, Ross & Ross, of Besse-
mer, for appellant.

A. A. Carmichael, Atty. Gen., for the State.

SAMFORD, Judge.

The defendant in the above-styled cause was indicted by the grand jury of the Bessemer division of the circuit court of Jefferson county, charged with an assault with intent to murder one Cecil Stiggins.

Stiggins was a police officer in the town of Brighton, Ala., and at the time of the assault was engaged in making an arrest without warrant. He was informed by one Murphree that the defendant's wife wanted Stiggins to come to her home at once and arrest her husband, who was killing her and the children. Upon receiving this information, Stiggins went to the home of the defendant; found him sitting in a chair in a drunken condition with a pint of whisky in his lap. Stiggins proceeded to make the arrest, and after considerable argument and protest on the part of the defendant, he took hold of the defendant, pulled him out of the house, and caused him to get into the police car, which Stiggins was driving. Stiggins got into the car under the wheel, started it, had gone about twenty or thirty yards when the defendant reached over, got Stiggins' pistol, which he fired twice, seriously injuring the officer.

■ . There can be no doubt that the testimony for the State clearly established a case of assault to murder. While the evidence for the defendant tended to show that the shooting occurred during a scuffle between the defendant and Stiggins, at a time when he was resisting arrest, and that the shooting of the officer was accidental, this however, was a question for the jury, and on this appeal we are called upon to review the rulings of the court upon the admission of testimony and upon the refusal of the court to give certain charges requested, in writing, by the defendant.

■ The appellant's counsel has, with painstaking accuracy, assigned errors pointing out his contention which he is not required to do under the law, but which practice we approve; and this fact does not preclude this court from considering all questions appearing on the record, or reserved by the bill of exceptions. Slaughter v. State, 21 Ala.App. 211, 106 So. 891.

Assignments of error 17, 27, 31, 32, 34, 35, 36, 37, 40, and 41 relate to the inquiry as to the complaint made by Mrs. Berry, the wife of the defendant, and her appearance at that time. It was shown by this testimony that she left home, appeared excited, she was scantily clothed, her dress was torn from her shoulders, and that she told Jesse Murphree to tell Stiggins to come down there as quick as he could get there, Mr. Berry was trying to kill the children; that "Mr. Berry was up there drunk, raising cain, tried to kill her and the kids and she wanted the police up there." This was the complaint made by Mrs. Berry to Murphree, and by him repeated to Stiggins, who was a peace officer of the town, and in response to which he went to the home of the defendant to make the arrest.

Under section 3263 of the Code of 1923: "An officer may also arrest any person, without warrant, on any day and at any time, for any public offense committed, or a breach of the peace threatened in his presence; or when a felony has been committed, though not in his presence, by the person arrested, or when a felony has been committed, and he has reasonable cause to believe that the person arrested committed it; or when he has reasonable cause to believe that the person arrested has committed a felony, although it may afterwards appear that a felony had not in fact been committed; or on a charge made, upon reasonable cause, that the person arrested has committed a felony."

■ Under the foregoing section of the Code, if Stiggins had reliable information that the defendant had committed a felony, or was about to commit a felony, he not only had a right but it was his duty to go to the scene and to make the arrest. All of the foregoing testimony was relevant and admissible to establish the fact that Stiggins had a well-grounded belief, founded on pregnant circumstances, that a felony had been committed and that he was not acting upon a mere suspicion.

Of course, an officer cannot justify an arrest upon the ground that he has reasonable cause to believe the person arrested had committed a felony, unless he has information of facts derived from credible sources, or from persons reasonably presumed to know them, which, if submitted to the judge or the magistrate having jurisdiction, would require the issue of a warrant of arrest. Suell v. Derricott, 161 Ala. 259, 274, 49 So. 895, 23 L.R.A.(N.S.) 996, 18 Ann.Cas. 636.

As a general rule, at common law an arrest cannot be made without a warrant, but if the felony or breach of the peace threatened or committed within the view of an officer authorizes an arrest, it was his duty to arrest without warrant, or if a felony had been committed, and there was probable cause to believe that the particular person was the offender, he could be arrested without a warrant; but the matter of arrest is now in this State largely subject of statutory regulation, which in some degree is an affirmation of the rules at common law. Of course an officer or a private citizen under the statute cannot justify an arrest upon the ground that he had reasonable cause to believe the person arrested had committed a felony, unless he has information of facts derived from credible sources, or from persons reasonably presumed to know them, which, if submitted to the judge or the magistrate having jurisdiction, would require the issue of a warrant of arrest. Cunningham v. Baker, 104 Ala. 160, 171, 16 So. 68, 53 Am.St.Rep. 27; Gibson v. State, 193 Ala. 12, 69 So. 533.

The statute above cited extends the rule of the common law so as to permit an officer to make an arrest when he has reasonable cause to believe that the person arrested has committed a felony, or a charge made on reasonable cause that the person arrested had committed a felony, though no felony had in fact been committed. All of the foregoing evidence elicited by the questions, and made the basis of the above assignments of error, were permissible on the questions of the bona fides of the act of the officer in going to the home of the defendant upon the information furnished him by Murphree. And this, also, was true with reference to the condition of the clothing of the defendant's wife at the time she was making the complaint.

■■ It is argued that the foregoing testimony is illegal, for the reason that a wife is not a competent witness for or against her husband until, or when, she elects to testify. We are cited to our own case De Bardeleben v. State, 16 Ala.App. 367, 77 So. 979. But that case is in no wise an authority here. The information furnished by the wife of the defendant to Murphree and Mrs. Norton was not such testimony as is referred to in the statute. Moreover, even at the common law the wife could give evidence against her husband, as to violence committed on her person. A. & E. Enc. of Law (1st Ed.) 102; Johnson v. State, 94 Ala. 53, 10 So. 427.

There is in this record no effort on the part of the State to compel the wife to give testimony against her husband, on the contrary, it appears that when Mrs. Louise Berry was placed on the stand, she said: "I am the wife of the defendant. I do not want to testify in this case; I don't care to testify." There appears no testimony given by her in the record.

To sustain the contention that the information furnished by the defendant's wife to Murphree and Mrs. Norton was not admissible because it was a charge made by the wife against the husband, we are cited to the case of Pearson v. State, 97 Miss. 841, 53 So. 689, and Davis v. State, 157 Miss. 669, 128 So. 885; these two cases are from the Supreme Court of Mississippi and would be persuasive authority, if the facts in the case were the same as here, but in this State, under our present statute, even if the above statements could be classed as testimony, they were voluntarily given by the defendant's wife, evidencing her willingness to give them, which meets every objection in any event.

■ Appellant's assignments 50 and 51 relate to the two statements of the Solicitor in his closing argument as follows: (1) "That little ten year old child; I pity her, for her Father made her come up here and testify, when his own wife wouldn't do it." (2) "That little ten year old child; I pity her, for her Father made her come up here and testify, when his own wife wouldn't do it." These two statements appear to be the same and perhaps were used as stated by the Solicitor. However, neither of them is the statement of a fact, such as would authorize a reversal of this case. The little girl was examined; the wife was put up on the stand by the State and refused to testify. The conclusions drawn by the Solicitor were justified by the facts, and a motion to exclude the statements was properly overruled.

■ Assignments of error 33, 38, 39, 42, and 43 relate to rulings allowing the

State to prove, over the objections of defendant, the general good character of Jesse Murphree, who was the party giving Stiggins the information that the defendant was at his home drunk, "raising cain and trying to kill his wife and kids," and stated that Mrs. Berry wanted him to come up there. It was upon this information that Stiggins acted, and while the general rule obtains, that the State cannot bolster the testimony of a witness by proof of his good character, when his character has not been assailed, the points here are essentially different. Here, it is the bona fides of the act of the officer in going to the home of the defendant, and proof of the character and responsibility of the informant is relevant and admissible on that point.

■ Assignment of error 21 is based upon a question asked the attending physician: "What did he have there as the cause of those wounds?" Judging from the answer to this question, the word "cause" should be "result." If the word "result" is not substituted the question does not make sense. If it is substituted it calls for the condition of the party assaulted, as to the results of the wounds received by the pistol shots; which could be testified to by the attending physician, as an expert.

■ The same is true as to questions and answers challenged by assignments of error 23 and 24. In prosecution for assault to murder, evidence as to the wounds and severity thereof was material. Elmore v. State, 26 Ala.App. 290, 158 So. 771; Williams v. State, 20 Ala.App. 257, 101 So. 367.

■ Assignments of error 27, 31, 32, 34, 35, 36, 37, and 41 relate to testimony which is challenged by appellant as being hearsay. This testimony was as to the information given to the officer, which caused him to go to the house of the defendant to make the arrest on the complaint made by the defendant's wife. This testimony is relevant and admissible upon the question of the bona fides of the officer, and therefore cannot be classed as hearsay.

■ Refused charge 34 is bad in several particulars. It pretermits a consideration of all of the evidence. There being a number of witnesses testifying to facts which would justify a conviction, the charge was misleading. Baxley v. State, 18 Ala.App. 277, 90 So. 434; Ex parte Baxley, 206 Ala. 698, 90 So. 925. The correct rule as to a reasonable doubt was given by the court in his general charge.

■ Referring to all of the assignments of error challenging the court's refusal to give the several written charges defining a "reasonable doubt," we have carefully read the general charge of the court and the given charges, asked at the request of the defendant, and we find that all of the requested charges refused to appellant are amply covered by the court in his oral charge, and the other given charges.

■ Charges A, A–3, A–4, and A–5, requested in writing by the defendant, are based upon the contention that the officer making the arrest of defendant was at the time a trespasser, and that the defendant had a right to resist the arrest with such force as was necessary to prevent it. As has already been seen, a complaint had been made to the officer that the defendant had committed a felony, and thereupon it became his duty, without waiting for a warrant, to proceed to defendant's house and to make the arrest. In addition to this, the evidence is without dispute that when the officer arrived in defendant's house the defendant was sitting in a chair in a drunken condition and in possession of a pint of whisky. This, in itself, constituted an offense committed in the presence of the officer and, irrespective of any other charge, gave the officer the right to make the arrest immediately. On this point we have said: "Where the party being arrested has knowledge of the official character of the officer and is engaged in the actual commission of a public offense, the officer's duty is to make the arrest." Tarwater v. State, 16 Ala.App. 140, 75 So. 816, 817; Ezzell v. State, 13 Ala.App. 156, 161, 68 So. 578.

Moreover, these charges ignore the principle that while the right of any citizen to resist any attempt to put any such illegal restraint upon his liberty cannot be denied, resistance in such cases must not be in enormous disproportion to the wrong and injury threatened. He has no right to kill in order to prevent a mere trespass, which is unaccompanied by imminent danger of great bodily harm, and which does not produce in his mind the reasonable belief of such danger. The foregoing is paraphrased from the opinion in Lewis v. State, 178 Ala. 26, 59 So. 577, where is cited Noles v. State, 26 Ala. 31, 62 Am.Dec. 711; Adams v. State, 175 Ala. 8, 57 So. 591.

In the instant case there is no evidence tending, in the slightest degree, to prove a necessity on the part of defendant to take the life of the arresting officer, in order

to prevent great bodily harm to himself. The foregoing charges were properly refused.

We have carefully read and considered this entire record, and in view of the very able and comprehensive brief filed by the appellant's counsel we have undertaken to deal with every point raised; but, in view of the overwhelming weight of the evidence to the effect that the defendant was in the act of commission of a public offense at the time of the arrest and the wanton, reckless, ruthless, and useless shooting of the officer, we might eliminate a consideration of all of the rulings of the court down to the point at which the arrest was made, and, invoking rule 45, hold that all of them, even if error had occurred, could not, and did not, affect the substantial rights of this defendant.

We find no error in the record, and the judgment is affirmed.

Affirmed.

BRICKEN, P. J., and RICE, J., concur in the conclusion.