184 So. 482

## THOMAS v. STATE.

### 7 Div. 417.

Court of Appeals of Alabama.

Nov. 1, 1938.

Rehearing Denied Nov. 15, 1938.

W. T. Starnes, of Pell City, for appellant.

A. A. Carmichael, Atty. Gen., and Wm. H. Loeb, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

In this case the evidence disclosed without dispute or contradiction that the homicide complained of was committed by this appellant in the month of September 1935. Likewise it was admitted that immediately after the killing the defendant fled from the scene and from the State and was not apprehended for some months thereafter.

The indictment, which was found and returned into court at the Spring Term 1937, charged the defendant with the offense of murder in the second degree, in that, he did unlawfully and with malice

aforethought kill Y. Z. alias Cabo Montgomery, by shooting him with a gun or pistol, but without premeditation or deliberation, etc.

Upon the trial of this case in the court below, which trial was had at the Fall Term 1937, the defendant was convicted of murder in the second degree, as charged, and the jury fixed his punishment at imprisonment in the penitentiary for a term of ten years. Judgment of conviction was duly pronounced and entered accordingly, from which this appeal was taken.

The killing occurred about midnight at a frolic or dance where a large number of people were assembled resulting in the examination of numerous witnesses for the State and for the defendant. Pending the trial no objections were interposed, or exceptions reserved, during the taking of the testimony. The points of decision relied upon for a reversal are incorporated in defendant's motion for a new trial, and are based upon certain exceptions reserved to the oral charge of the court, and also, upon the action of the court in refusing several special charges requested in writing.

The exceptions to the oral charge cannot be sustained. In dealing with exceptions of this character it is necessary for the appellate courts to read and consider the entire oral charge of the court, and in this case when so taken and considered no error calculated to prejudice the substantial rights of the accused appears. The evidence disclosed that the killing complained of occurred at a public camp, where a large concourse of people had assembled, the deceased being one of them. There is no semblance of testimony tending to show that he was a trespasser upon that occasion, and the tendency of the overwhelming testimony was to the effect that the killing was the result of a mutual quarrel between the deceased and the defendant rendering, under the law, both parties at fault in bringing on or provoking the difficulty resulting in the death of the person named in the indictment.

■ From the recent case of Cooley v. State, 233 Ala. 407, 171 So. 725, we quote as being peculiarly applicable to this case the following excerpt from said opinion [page 727]:

"But it is well settled that, when one kills another by the intentional use of a deadly weapon, malice, design, and motive may be inferred without more, and are presumed, unless the evidence which proves the killing rebuts the presumption, and casts on defendant the burden of rebutting it, and to show self-defense or other justification, if he can. Hadley v. State, 55 Ala. 31; Gibson v. State, 89 Ala. 121, 8 So. 98, 18 Am.St.Rep. 96; Hornsby v. State, 94 Ala. 55, 66, 10 So. 522, and a host of recent cases; 11 Alabama Digest, Homicide, 345, ☞151 (3).

"Defendant's testimony admits an intentional killing with a deadly weapon. The burden was then upon him to prove that he was in imminent peril of life or serious bodily harm, and that he shot to protect himself. This was necessary to show self-defense, though he was in his own home, and had no duty to retreat and was free from fault in provoking the difficulty."

The oral charge of the court, and the charges "given" at request of defendant, fairly and substantially covered the charges which the court refused.

■ In this case the evidence for the State tended to show that killing of deceased by defendant was a ruthless, premeditated, murder without excuse or justification. The defendant offered some testimony tending to show self-defense. This conflict made a jury question. We are clear to the opinion that the defendant was accorded a fair and impartial trial and in some instances more favorable to him than he had the right to demand. In explanation of the foregoing statement, the defendant, without objection, was allowed to prove by several of his witnesses that his character was good for truth and veracity, and that witnesses believed he would swear truthfully as to the facts in this case even though he was charged with so grave an offense as murder. No effort was made by the State to impeach the character of the defendant for truth or in any other manner. This question therefore was not an issue, and the testimony referred to was allowed in the case before the defendant had offered himself as a witness.

There was no error in the action of the court in overruling the motion for a new trial. The record proper is regular in all respects, and no reversible error appearing in any of the rulings of the court, complained of, the judgment of conviction from which this appeal was taken will stand affirmed.

Affirmed.