199 So. 830

### COATES v. STATE.

### 4 Div. 604.

Court of Appeals of Alabama.
Jan. 21, 1941.

Chauncey Sparks, of Eufaula, for appellant.

Thos. S. Lawson, Atty. Gen., and Willard McCall, Asst. Atty. Gen., for the State.

618

RICE, Judge.

■ Appellant was convicted of the offense of murder in the second degree, and his punishment fixed at imprisonment in the penitentiary for a term of fifteen years. It was shown, we may say without dispute, that he killed Jesse Evans by cutting him with a knife—which we know to be a deadly weapon.

■ As we said in the opinion in the case of Grays v. State, 28 Ala.App. 394, 185 So. 191, we repeat, here: "The evidence in this case is, without dispute, that the homicide was committed by the use of a deadly weapon; where such is the case, the proof of the use of a deadly weapon raises the presumption of malice, and throws upon the defendant the burden of repelling the presumption, unless the evidence which proves the killing shows, also, that it was done without malice."

■ Or, as the Supreme Court said in the case of Cooley v. State, 233 Ala. 407, 171 So. 725, 727: "Defendant's testimony admits an intentional killing with a. deadly weapon. The burden was then upon him to prove * * * self-defense * * *. And, though the evidence of defendant may have been without dispute, its credibility was for the jury * * *. They were not bound to accept it as true * * *. Indeed, they might well have rejected it in their discretion. Since they did so, their verdict was well supported."

The above quotations, especially the one from Cooley v. State, which controls us (Code 1923, Sec. 7318), seem conclusive of the principal question argued here by appellant's distinguished counsel as a reason for the reversal of the judgment of conviction.

■ It is true that defendant was the only eyewitness to the killing of deceased —at least after deceased's eyes were closed. And.that his testimony made out a perfect case of self-defense. And that unless the testimony of defendant is given some degree of credibility the circumstances of the killing are wholly speculative. But the jury had the right to disbelieve his evidence. And the presumption which arose from the "intentional killing with a deadly weapon"—abundantly shown—was sufficient to support the verdict returned. Cooley v. State, supra.

We are not unimpressed with the forceful argument of appellant's counsel to the effect that the circumstances here are comparable to those in the case of McDowell v. State, 238 Ala. 482, 191 So. 894, 899, wherein four Justices of our Supreme Court finally concluded that the judgment ought to be reversed because the trial court refused the defendant a new trial, in turn because the verdict was "contrary to the great weight of the evidence." But the things which impressed the said four Justices in the McDowell case are not present, here. And we are unable to say that the trial court, who saw and heard the witnesses, and thus had an advantage over us, erred in refusing to set aside the verdict of the jury. It will stand.

■ The novel proposition set forth by appellant's counsel that: "The measure of a defendant's responsibility for the commission of an act is generally 'what a reasonable man would do under the circumstances.' However, there are cases in which a low degree of intelligence, reasonableness, and fitness fix another standard which can be submitted to the jury and .measured by them from observations of the defendant and of his testimony, of his degree of intelligence, and his opportunities," in so far as the part of same beginning with the words "however, there are cases," and going on to the end, finds no place in our law—nor is it supported by the cases cited by the learned counsel.

In fact, it is opposed to the very genius of our governmental and judicial structure. Ours is a "government of laws, not men."

We believe what we have said hereinabove will serve to demonstrate our opinion that there was no error committed on the trial of this case below, for which the judgment of conviction should be reversed.

It is affirmed.

Affirmed.