4 So.2d 442

### AUSTIN v. STATE.
### 8 Div. 118.

Court of Appeals of Alabama.

June 17, 1941.

Rehearing Denied Oct. 7, 1941.

Proctor & Snodgrass, of Scottsboro, for appellant.

Thos. S. Lawson, Atty. Gen., and Clarence M. Small, Asst. Atty. Gen., for the State.

SIMPSON, Judge.

The trial upon an indictment for murder resulted in the conviction of appellant of manslaughter in the first degree.

He insists that the affirmative charge was due, or, failing, that his motion for a new trial should have been granted because the evidence both for the State and the defense supported, without substantial conflict, his plea of self-defense. But, aside from disagreeing with his view of the evidence, we think such a question was exclusively for the jury's decision.

Concededly, and without conflict, the appellant killed the deceased by the intentional use of a deadly weapon, a pistol. Hence, malice, design and motive may be inferred without more. Cooley v. State, 233 Ala. 407, 410, 171 So. 725; Coates v. State, 29 Ala.App. 616, 199 So. 830, 831.

The statement in the Cooley case, approvingly quoted by our court in the Coates case, is directly applicable here: "Defendant's testimony [instant case, testimony of all the witnesses] admits an intentional killing with a deadly weapon. The burden was then upon him to prove * * * self-defense * * *. And, though the evidence of defendant may have been without dispute, its credibility was for the jury * * *. They were not bound to accept it as true * * *. Indeed, they might well have rejected it in their discretion. Since they did so, their verdict was well supported."

Furthermore, while the evidence was without controversy that the deceased provoked the difficulty which resulted in his death, it does not follow, ipso facto, that all of the elements of self-defense were so uncontrovertibly proved as would take away the decision of such issue from the jury. For, as we interpret the evidence, it was a questionable issue of fact whether or not the defendant was in imminent peril or used all reasonable means to avoid, or escape from, the fatal affray. Under the evidence in the instant case, these matters were clearly for the jury's decision.

The court therefore, as to this ground, acted correctly first in refusing the affirmative charge and later in overruling the moton for a new trial. Austin v. State, 29 Ala.App. 327, 195 So. 566.

There was, however, a grave and substantial error committed pending trial, which patently should dictate a reversal of the judgment of conviction. For reasons, not disclosed, the defendant elected, as was his constitutional privilege, not to testify at his trial. Constitution, Art. 1, Sec. 6. Having thus elected, his failure to testify should not have been the subject of comment by counsel, and to have so commented was in direct violation of our statute law. Code 1923, Section 5632, Code 1940, tit 15, § 305.

The statute reads: "On the trial of all indictments, complaints, or other criminal proceedings, the person on trial shall, at his own request, but not otherwise, be a competent witness; and his failure to make such request shall not create any presumption against him, nor be the subject of comment by counsel."

In the recent case of Turner v. State, 238 Ala. 352, 191 So. 396, 397, our Supreme Court, through Mr. Justice Bouldin, gives an interesting discussion of the origin and purpose of the statute. We quote from that case: "While the statute declares the failure to become a witness in his own behalf 'shall not create any *presumption* against him,' this is coupled with 'nor be the subject of comment by counsel.' The statute is designed to prevent any unfavorable inference from defendant's silence."

Nevertheless, in direct violation of this statutory mandate, so oft discussed in our decisions denouncing the impropriety of such conduct, counsel prosecuting for the State, in argument to the jury, made direct and positive reference to the defendant's failure to testify. This was so highly prejudicial to the right of the defendant to a fair trial that we entertain no doubt that a new trial should be awarded him—his motion therefor having been duly presented below.

Even though the trial court ruled favorably in sustaining defense counsel's objection and instructed the jury to disregard such argument, we are convinced that, under the peculiar facts and circumstances of the instant case, with most of the witnesses in the case giving testimony tending to support self-defense, the harm done to defendant was not thereby eradicated nor the error cured. Such argument was in effect an accusation that the defendant, himself, has failed to testify that his conduct at the shooting was justified.

Here, where the killing of deceased was by the intentional use of a deadly weapon, malice, design and motive may be inferred without more, and are *presumed* (unless the pertinent evidence thereon rebuts such presumption); and the burden is cast upon the defendant to rebut it by showing self-defense or other justification. Cooley v. State, 233 Ala. 407, 410, 171 So. 725.

In the light of this settled rule of presumption and giving consideration to all of the facts and circumstances of the case and those attending the trial, we think the ends of justice require a reversal of the judgment for the failure of the trial court to grant the motion for a new trial because of the prejudicial argument of the State's counsel aforesaid.

Authority for our position is also found in Jones v. State, 23 Ala.App. 493, 495, 127 So. 681; Bestor v. State, 209 Ala. 693, 694, 96 So. 899.

A new trial is ordered.

Reversed and remanded.