15 So.2d 745

**TOLBERT v. STATE.**

2 Div. 721.

Court of Appeals of Alabama.
Nov. 23, 1943.

Keith & Wilkinson and Pitts & Pitts, all of Selma, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and Benard F. Sykes, Asst. Atty. Gen., for the State.

302

**RICE, Judge.**

The brief filed here on behalf of appellant is one of the most thorough and painstaking, we believe, that we have ever examined.

As being prideful of the traditions of the legal profession it warms the cockles of our hearts to know that it was prepared and written by two of the ablest law firms of the circuit in which the case arose, under circumstances which we shall quote from the said brief, viz.: "The attorneys for the appellant were appointed by the Court to defend the appellant in the trial of her case in the Circuit Court of Dallas County, Alabama, as the appellant had no funds with which to employ attorneys to represent her; and the appellant's counsel think that a manifest injustice has been done to the appellant by the verdict of the Jury in this case; and we respectfully request the Court to consider carefully this brief being filed by counsel in appellant's behalf."

Surely, we feel, here is strong evidence that the heart of the profession of which we are all members yet rings true.

But we'll come to the case: Appellant was indicted for the offense of murder in the first degree. Upon the trial under this indictment she was convicted of the offense of murder in the second degree, and her punishment fixed at imprisonment in the penitentiary for the term of ten years.

The facts involved, containing in part, possibly—as we shall later point out—a conclusion on the part of her counsel, are succinctly stated by said counsel in their able brief, as follows, to-wit: "The appellant killed Ben Ivory, the deceased, in Dallas County, Alabama, prior to the finding of the indictment against her, by cutting or stabbing him with a knife. At the time of the fatal cutting, the deceased was attempting by force, against the will of appellant, to have sexual intercourse with her; he had her on the bed in his son's room; and she killed him with a knife while he was attempting to forcibly ravish her."

The conclusion to which we referred is in the statement by learned counsel that "the deceased was attempting by force, against the will of appellant, to have sexual intercourse with her * * * and she killed him with a knife while he was attempting to forcibly ravish her."

What counsel should have stated, in order to have been in accuracy, was that "her undisputed testimony was to the effect that at the time of the fatal cutting the deceased was attempting by force, against the will of appellant, to have sexual intercourse with her."

■ And the law is that when one kills another by the intentional use of a deadly weapon, malice, design, and motive may be inferred without more, and are presumed, unless the evidence which proves the killing rebuts the presumption; and casts on defendant the burden of rebutting it, and to show self-defense or other justification, if he can. Cooley v. State, 233 Ala. 407, 171 So. 725.

■ Here, the uncontradicted testimony on behalf of the State was that appellant admitted an intentional killing with a deadly weapon. The burden was then upon her to prove that she was in imminent peril of life or serious bodily harm—about to be ravished,—and that she cut or stabbed deceased to protect herself. This was necessary to show self-defense, though she had no duty to retreat and was free from fault—if she was—in provoking the "difficulty." And, though the evidence of appellant may have been without dispute, its credibility was for the jury as well as its tendency to show imminent peril. They were not bound to accept it as true, nor to draw an inference of danger from the circumstances. Indeed, they might well have rejected it in their discretion. Since they did so, their verdict was well supported. Cooley v. State, supra. And perhaps we ought to say that the views we have just set forth were taken bodily, mutatis mutandis, from the opinion in this case of Cooley v. State, by which we are controlled. Code 1940, Tit. 13, § 95.

So, the issue of appellant's guilt vel non of the offense of murder in the second

degree was, even under appellant's statement of the facts, well and properly submitted to the jury for their decision.

Appellant contends there was error in admitting evidence that she had been, prior to the time of the fatal occurrence, a sort of "kept woman" of the deceased's; that she had accepted money and clothes from him: that she had "gone to bed with him" etc.

 Her contention is, as her counsel put it: "The State's testimony had shown without objection that the deceased had had sexual intercourse with the appellant prior to the time of the alleged attempt to ravish, so what was the use of such evidence?"

Well, it was appellant's plea that she cut and killed the deceased—an old man without (according to the undisputed testimony) "a tooth in his head"—to prevent his having intercourse with her. Surely on the trial of the issue thus raised—the killing being admitted—the law is as epitomized in the second headnote to the report of the case of Green v. State, 19 Ala.App. 239, 96 So. 651, viz.: "Acts of undue intimacy between prosecutrix and defendant, on several occasions preceding the alleged rape, not of actual sexual intercourse, but tending to show such intimacy as would lead to a consummation of sexual desires, were admissible as bearing on the probable consent of the woman." (And see the authorities cited in the opinion in this Green case).

In other words, whatever testimony would have been admissible in a trial of the deceased (if he had survived) for the offense of rape, or assault with intent to rape, was admissible here, where appellant was on trial for killing deceased because, as she said, he was attempting to rape her. So the evidence hereinabove discussed was properly admitted—using "evidence" loosely for "testimony."

 Appellant complains of the refusal of the trial court to give at her request the following written charge to the jury, viz.: "The court charges the jury that, if you are reasonably satisfied from the evidence that the deceased was attempting to ravish the defendant at the time of the killing, it is your duty to acquit the defendant."

We really believe the principle appellant's counsel had in mind when preparing this charge was covered by and included in the able and comprehensive oral charge delivered by the learned trial court to the jury. Said oral charge seems to us to cover every applicable principle of the law involved; and was, if anything, more favorable to appellant than was her due. Certainly it was explicitly fair to her every contention. This fact was perhaps enough to justify the refusal of the written charge we have quoted.

But aside from that, the said charge was properly refused because it assumes it was necessary for appellant to kill deceased, in order to prevent herself being ravished. We do not understand it to be the law that a woman may kill one—regardless—who attempts to ravish her. It is rather that she may use whatever force may be necessary, even to killing her assailant, to prevent her said violation.

Here the jury might well have found that appellant, apparently an ablebodied woman, could have prevented this toothless old man from "getting her stuff," as one witness said she phrased it, by a measure far less rigorous than that of stabbing him to death.

The case appears to have been well, and fairly, tried. We can find no error for which the judgment should be reversed. Appellant's industrious counsel have pointed out none.

It is affirmed.

Affirmed.