18 So.2d 803

**MOORE v. STATE.**

7 Div. 733.

Court of Appeals of Alabama.
June 13, 1944.

Rehearing Denied June 27, 1944.

484

John J. Pruet, of Ashland, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and Forman Smith, Asst. Atty. Gen., for the State.

RICE, Judge.

Appellant, tried jointly with one Austin Brown, under an indictment charging them with the offense of murder in the first degree, was convicted of the offense of manslaughter in the first degree and his punishment fixed at imprisonment in the penitentiary for the term of ten years. Austin Brown was acquitted.

■ Appellant offered no testimony. That offered on behalf of the State—consisting in large part of testimony as to a "confession" by appellant—was to the undisputed effect that appellant killed one Paul Sanders by cutting him with a knife, which we know to be a deadly weapon.

As we said in the opinion in the case of Coates v. State, 29 Ala.App. 616, 199 So. 830, and in the opinion in the case of Grays v. State, 28 Ala.App. 394, 185 So. 191, we repeat here: "The evidence in this case is, without dispute, that the homicide was committed by the use of a deadly weapon; where such is the case, the proof of the use of a deadly weapon raises the presumption of malice, and throws upon the defendant the burden of repelling the presumption, unless the evidence which proves the killing shows, also, that it was done without malice."

■ Or, again quoting from our opinion in the case of Coates v. State, supra, "as the Supreme Court said in the case of Cooley v. State, 233 Ala. 407, 171 So. 725, 727: 'Defendant's testimony admits an intentional killing with a deadly weapon. The burden was then upon him to prove * * * self-defense * * *. And, though the evidence of defendant may have been without dispute, its credibility was for the jury * * *. They were not bound to accept it as true * * *. Indeed, they might well have rejected it in their discretion. Since they did so, their verdict was well supported.'"

Here, appellant's testimony as to his plea of self-defense may be said to be found in his admission that he cut and killed deceased with a knife; and the reasons he gave therefor.

■ So that, under the law, as hereinabove set forth, and the testimony, as we have noted, it is plain that there was no error in the trial court's refusing to give to the jury at appellant's request the general affirmative charge to find in his favor. The issues in the case were correctly defined by the learned trial court, and properly submitted to the jury for their decision.

■ Looking, as we must, to the record proper, rather than to the bill of exceptions—there being a conflict between the two, here—for the correct language of appellant's requested and refused written charges (Ensley Holding Co. v. Kelley 229 Ala. 650, 158 So. 896) it is too obvious for comment that, as drawn, and so appearing, there was no error in refusing to give to the jury requested written charges 11 or 16.

■ The other written, requested and refused charges have each been carefully examined. There was error in the refusal of no one of same. If the charge was not abstract, confusing, or incorrect, it was fully covered by and included in, in principle at least, either the trial court's ample oral charge, or some one of the large number of written charges given to the jury at appellant's request.

We can find no error, anywhere, and the judgment is affirmed.

Affirmed.

CARR, J., not sitting.