38 .So.2d 285

**DAVENPORT v. STATE.**

6 Div. 597.

Court of Appeals of Alabama.
Jan. 11, 1949.

K. C. Edwards, of Birmingham, for appellant.

A. A. Carmichael, Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

HARWOOD, Judge.

This appellant was indicted for murder in the first degree. The deceased was her husband. Her trial resulted in a verdict of manslaughter in the first degree and the imposition of a sentence to imprisonment in the penitentiary for a term of two years.

Evidence presented by the State tended to show that appellant and deceased were at the home of Mattie Brown on the night of 11 July 1947, along with several other

negroes. A card game was in progress. Relations between appellant and deceased seemed to have been pleasant at this time, though there was evidence that earlier in the day there had been a quarrel and each had threatened the other.

Appellant left the home of Mattie Brown alone, but was almost immediately followed by the deceased. Both were seen running up the street.

Rosina Jones, a witness for the State, testified that she lived in part of the house occupied by appellant and deceased. She heard the pair run up the stairs to their apartment. An argument ensued during which appellant and deceased threatened each other. This witness saw appellant run out of her apartment, followed by missiles such as bottles and a flat iron, and then the deceased. Shortly thereafter the witness ran to a window and saw the body of the deceased on the ground, and heard appellant say "Oh, I done killed him."

John McDowell, who was at Mattie Brown's on the night in question, testified that appellant had a knife while she was at Mattie's house.

The next time he saw deceased after he left Mattie's house the deceased was lying dead on the ground about a half block away, with a stab wound in the region of his heart.

The State also introduced a witness by the name of Artella Tarrant who testified that the appellant came to her house about 9 o'clock and made a statement that "she had stuck him" (deceased), and showed her a knife.

Over appellant's objection she testified that appellant again came to her house about five hours later and on this second visit stated "I don't know what to do," and "I don't give a ———" (here appellant used an obscene phrase unnecessary to set out).

The voluntary character of the above statements were established before their reception in evidence.

Appellant's counsel argues that the above statements were irrelevant, and prejudicial, and in no way incriminatory, and therefore inadmissible. We do not agree with this contention. Considered with their accompanying background, it is our opinion that such statements were properly admitted in evidence and that the jury could reasonably infer a consciousness of guilt therefrom.

After the State had rested the defense recalled the witness Rosina Jones. After she had testified the court then permitted the Solicitor to address questions to her rather in the nature of a cross examination. The defendant's objections to these questions were overruled by the court on the ground that the defense having recalled the witness and in effect adopted her as a defense witness, the Solicitor had the right to cross examine her. Actually the Solicitor's questions were directed toward clarifying the testimony given by this witness on her recall examination. Largely the testimony so elicited was repetitious. Regardless, it is our opinion that the trial court in no way abused its discretion in permitting the Solicitor's examination within the range it was permitted.

Defendant's counsel further argues that the lower court erred in overruling objections to certain portions of the Solicitor's argument.

The first objection involved a statement by the Solicitor that the defendant was quoted as saying "I stuck him," etc. The record disclosed that the Solicitor was correct in such statement.

The next objection was as follows:

"At another point in Asst. Sol. Deason's argument to the jury, he commented on the fact that this homicide occurred on July 11th and that the defendant was not arrested until Aug. 4th, contending that the inference to be drawn from the testimony was that the defendant fled, and he stated 'The guilty flee when no man pursueth.'

"Mr. Edwards: We object to that on the ground that there is no testimony to the effect that the defendant fled, and there is no evidence that she did or did not leave, except what the witnesses said about not seeing her around.

"The Court: Overruled.

"Mr. Edwards: We except."

■ .Rosina Jones who lived in the same house as did appellant testified that she did not see the appellant ever return to the house after the killing. Other witnesses testified that they had not seen appellant in her neighborhood after the killing. Appellant was arrested about a week after the alleged crime. All of this evidence sufficiently justified the Solicitor's argument of inference of flight.

The third objection to the Solicitor's argument as disclosed by the record is as follows:

"Another statement made by Asst. Sol. Deason to the jury was, in substance that when the defendant files her plea of not guilty by reason of self-defense she has to base it on the evidence and not anything else.

"The Court: Not on imagination but on the evidence.

"Mr. Edwards: That's true.

"The Court: Of course, in a plea of not guilty by reason of self-defense it has to be supported by evidence.

"Mr. Edwards: We except to your Honor's ruling."

. ■ We find nothing in the above in any way contrary to well settled and basic principles of law. Where a homicide results from the intentional use of a deadly weapon, malice design, and motive may be inferred without more, and a defendant under such circumstances has the burden of rebutting such presumption by evidence tending to show self defense or other justification. Austin v. State, 30 Ala.App. 267, 4 So.2d 442; Tolbert v. State, 31 Ala. App. 301, 15 So.2d 745. Counsel's further contention that the above quoted argument was an indirect reference to defendant's failure to testify is, in our opinion, palpably without merit.

■ It is further our opinion that the corpus delicti and appellant's causal criminal connection therewith were clearly established by the evidence. It is undisputed that appellant and deceased had quarrelled the afternoon preceding the killing that night; appellant had a knife while at Mattie Brown's house; she and deceased were seen running up the street after they left Mattie's house; a short while thereafter deceased was observed dead on the ground with a stab wound in the region of his heart; appellant, while near the body, was heard to say she had killed him.

Examination of this record convinces us that it is free from error of which the appellant can reasonably or justifiably complain. The cause is therefore ordered affirmed.

Affirmed.