47 So.2d 218

**HAMBY v. STATE.**

5 Div. 488.

Supreme Court of Alabama.

May 18, 1950.

Rehearing Denied June 30, 1950

A. A. Carmichael, Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

J. Sanford Mullins, Alexander City, and Sam W. Oliver, Dadeville, for appellant.

FOSTER, Justice.

 It is true that generally a killing by the intentional use of a deadly weapon carries a presumption of malice and of unlawfulness, but not so if the evidence which proves the killing rebuts the presumption. Hadley v. State, 55 Ala. 31; Hornsby v. State, 94 Ala. 55, 10 So. 522; Cooley v. State, 233 Ala. 407, 171 So. 725; McDowell v. State, 238 Ala. 482, 483, 191 So. 894.

We think in this case that the evidence which proves the killing rebuts the presumption of malice, not justifying a conviction of murder in the second degree as found by the jury.

The only eyewitnesses were defendant, his wife and two daughters. One of the daughters was the wife of deceased. He was drunk and abusing his family, according to their uncontradicted testimony, at the time defendant shot him. Defendant had not manifested any ill-will or malice toward deceased: there had been no previous bad feeling between them: defendant had been only making an effort to pacify him. Deceased had resented that effort and had made a personal assault on defendant and was apparently preparing to carry out a threat he had made to drown them all at the time defendant shot him.

Although defendant may have used more force than was necessary or apparently necessary, there can be no reasonable inference of malice from the circumstances justifying his conviction of either degree of murder and sentence to thirty years in the penitentiary. Such severe punishment was manifestly unjustified. His good character was shown without conflict. That should not be ignored. It was the right and duty of defendant to protect his daughter and granddaughter from the wild, vicious conduct of deceased, then intoxicated, but not to use more force than was apparently necessary. Clack v. State, 29 Ala.App. 377, 196 So. 286; Richardson v. State, 204 Ala. 124, 85 So. 789; Forman v. State, 190 Ala. 22, 67 So. 583. Neither defendant nor any of his family was at fault in bringing on the trouble so far as shown by the evidence.

There was a motion for a new trial on the ground, among others, that the verdict was contrary to the great weight of the evidence. It was overruled. We think it should have been granted. Compare at this point McDowell v. State, supra. For that error, the judgment is reversed and the cause remanded.

Reversed and remanded.

LAWSON, SIMPSON and STAKELY, JJ., concur.