61 So.2d 861

**WILLIAMS v. STATE.**

**6 Div. 453.**

Court of Appeals of Alabama.

Oct. 7, 1952.

Rehearing Denied Oct. 28, 1952.

T. K. Selman and J. E. Anton, Jasper, for appellant.

Si Garrett, Atty. Gen., and Robt. Straub, Asst. Atty. Gen., and Robt. P. Bradley, Montgomery, of counsel, for the State.

CARR, Presiding Judge.

The appellant, Leonard Williams, stood indicted for murder in the second degree. The trial of the cause resulted in a conviction for manslaughter in the first degree.

It appears without dispute in the evidence that the accused and the deceased, Carl Lewis, got together about 7 p. m. on March 14, 1951. They spent the night in and about the home of the appellant. During the time of their association they drank a considerable amount of whiskey. At about 4 or 5 a. m., March 15, while the two men were alone inside the residence, the defendant inflicted a mortal wound on the body of the deceased with a shotgun.

The appellant claimed that he was acting in self-defense and the homicide was justifiable on this account.

It is urged that in this aspect the evidence is not in dispute and on the basis of this proof the defendant was due the general affirmative charge. If not, it is insisted that the motion for a new trial should have been granted.

The circumstances relating to the immediate time of the shooting are described by the defendant as follows:

"A. He reached and got quart fruit jar; glanced off my head; fell off and broke. I went to middle door and got shotgun.

"Q. Where was shotgun? A. Sitting in this corner. I went back. He said, 'Sit down your shotgun; let's be friends.' I said, 'All right.' I set shotgun behind heater. I set on stool. I noticed Carl had hand like that. He hit me on the hand with knife and I hit him and staggered him and give him shove and his feet slipped out from under him on linoleum or on floor. He swung and made another lick. He said, 'I will get you, you Williams son-of-a-bitch.' I shot him."

The credibility of appellant's testimony was for the consideration of the jury. Certainly it was in its province under the

proof to determine whether or not the accused was in immediate imminent peril of life or serious bodily harm. This was in effect the holding in Cooley v. State, 233 Ala. 407, 171 So. 725. See also Coates v. State, 29 Ala.App. 616, 199 So. 830; Olive v. State, 8 Ala.App. 178, 63 So. 36; Denson v. State, 32 Ala.App. 554, 28 So.2d 174; Lewis v. State, 25 Ala.App. 188, 142 So. 779.

We are unable to bring ourselves to the conclusion that the verdict was contrary to the great weight of the evidence.

The dying declaration of the deceased was admitted without error. The predicate for its admission met every demand of the applicable rule. This aside, the only statement allowed in evidence in this aspect was: "Leonard Williams killed me." This related to a fact that was not in dispute.

Two or three hours after the shooting, an officer arrested Mr. Williams at the latter's home. An hour or two later some other officers made an inspection of the room in which the homicide occurred.

Over appellant's objections, each of these parties was permitted to describe the conditions at the locale.

The proof is clear that the furnishings in the room were in no manner changed before the arrival of the witnesses. It appears that some scrubbing had been done in an effort to remove the blood. The officer who first came testified that Mrs. Williams was scrubbing the floor while he was present. The lady denied this and stated that her daughter did the cleaning.

The following authorities sustain the action of the court in allowing the witnesses to testify concerning the conditions inside the room. Alabama Power Co. v. Owens, 236 Ala. 96, 181 So. 283; Pilley v. State, 247 Ala. 523, 25 So.2d 57; Coates v. State, 253 Ala. 290, 45 So.2d 35; Green v. State, 19 Ala.App. 239, 96 So. 651; Dodd v. State, 32 Ala.App. 504, 27 So.2d 259.

The court permitted the State to prove that about a year prior to the homicide the appellant stood in his yard and shot four times in the direction of the home

of the deceased and some of the load from the gun was heard to fall on the tin roof of the residence. It is not made certain by the evidence whether or not Mr. Lewis was at home at the time. The appellant admitted that he did the shooting, but claimed he was trying to kill an owl.

The position is posed by the grounds to the objections that this related to an immaterial matter; that it was too remote; and that it detailed facts of a prior difficulty.

It is doubtful that this alleged incident can be classified as a former difficulty. Even so, there was not too much detailing to offend the rule.

We think it should be classified as a threat or an act in the nature thereof.

The State proved that about three weeks before the homicide the appellant stated that "he would kill Carl in six months."

In this state of the record the evidence relating to the shooting at the deceased's house was fixed at a time that did not make it too remotely removed from the main event. Pulliam v. State, 88 Ala. 1, 6 So. 839; Redd v. State, 68 Ala. 492; Williams v. State, 147 Ala. 10, 41 So. 992; Underwood v. State, 179 Ala. 9, 60 So. 842; Blue v. State, 246 Ala. 73, 19 So.2d 11; Rector v. State, 11 Ala.App. 333, 66 So. 857.

Appellant's attorney in brief urges that the court permitted answers to many questions that called for conclusions of witnesses. We have given careful consideration and study to each of these matters, and we do not find that reversible error should be predicated on any of these rulings.

In some instances the witnesses detailed facts upon which the conclusion was based. Tennessee Valley Sand & Gravel Co. v. Pilling, 35 Ala.App. 237, 47 So.2d 236; McQueen v. Jones, 226 Ala. 4, 145 So. 440.

Over appellant's objections the court permitted many answers of witnesses while they were testifying on cross-examination. We do not find an abuse of discretion in any of these rulings. Sovereign Camp, W. O. W. v. Davis, 242 Ala. 235, 5 So.2d 480; Peterson v. State, 32 Ala.App. 439, 27 So. 2d 27.

We come now to review the written instructions that were refused to the defendant.

The general affirmative charge has had our consideration hereinabove.

Charges 2 and 6 were covered by the oral charge. Title 7, 273, Code 1940.

Instruction No. 16 omits essential elements of self-defense.

There was no evidence that the defendant was acting in the defense of any member of his family. Charge number 7 is in this aspect abstract.

Charge number 15 is not based on the evidence. Edwards v. State, 205 Ala. 160, 87 So. 179.

Charge 4 is invasive of the province of the jury. It also submits to the jury the doctrine of self-defense without designating or pointing out its essential elements.

Charge 3 was refused without error. Wilson v. State, 243 Ala. 1, 8 So.2d 422; Nelson v. State, 35 Ala.App. 1, 46 So.2d 231; Russell v. State, ante, p. 19, 52 So. 2d 230.

In the fairly recent case of May v. State, 253 Ala. 517, 45 So.2d 698, the Supreme Court discussed the judicial history of charge number 9. The court held that the last clause, "He may excusably use this necessary force to save himself from any felonious assault", rendered the instruction misleading to the jury.

The rulings of the court against appellant's position which we have not pointed out are not meritorious and are not worthy of any discussion.

The judgment below is ordered affirmed.

Affirmed.