179 So.2d 762

**Bill KEMP, Jr.**

v.

**STATE of Alabama.**

**1 Div. 294.**

Supreme Court of Alabama.

Sept. 30, 1965.

Rehearing Denied Nov. 18, 1965.

Barry Hess, Mobile, for appellant.

Richmond M. Flowers, Atty. Gen., and John C. Tyson, III, Asst. Atty. Gen., for the State.

LAWSON, Justice.

The indictment charges appellant with murder in the first degree. He was found guilty of murder in the second degree and punishment was fixed at thirty years in the penitentiary.

Appellant was represented by counsel throughout the proceedings in the trial court, from the day set for arraignment through sentence. He is represented by counsel in this court.

It was shown without dispute that appellant killed Martha Ann Dexter by cutting her with a knife, which we know to be a deadly weapon.

And the law is that when one kills another by the intentional use of a deadly weapon, malice, design and motive may be inferred without more and are presumed, unless the evidence which proves the killing rebuts the presumption; and casts on defendant the burden of rebutting it, and to show self-defense or other justification, if he can. Cooley v. State, 233 Ala. 407, 171 So. 725; Colvin v. State, 39 Ala.App. 355, 102 So.2d 911; Fort v. State, 37 Ala. App. 91, 64 So.2d 604; Langley v. State, 32 Ala.App. 163, 22 So.2d 920; Tolbert v. State, 31 Ala.App. 301, 15 So.2d 745; Moore v. State, 31 Ala.App. 483, 18 So.2d 803; Austin v. State, 30 Ala.App. 267, 4 So. 2d 442; Coates v. State, 29 Ala.App. 616, 199 So. 830.

As indicated above, the testimony on behalf of the State was that appellant admitted killing Martha Ann Dexter with a knife, a deadly weapon. The burden was then upon him to prove that he was in imminent peril of life or serious bodily harm and that he cut or stabbed deceased to protect himself. This was necessary to show self-defense, though he had no duty to retreat and was free from fault, if he was, in provoking the difficulty. And, though the evidence of appellant may have been without dispute, its credibility was for the jury, as well as its tendency to show imminent peril. The jurors were not bound to accept appellant's testimony as true, or to draw an inference of danger from the circumstances. Cooley v. State, supra; Williams v. State, 36 Ala.App. 583, 61 So. 2d 861; Weaver v. State, 35 Ala.App. 158, 44 So.2d 773; Tolbert v. State, supra; Coates v. State, supra.

The circumstances here are not comparable to those in the case of Hamby v. State, 254 Ala. 139, 47 So.2d 218, wherein we held that the evidence which proved the killing rebutted the presumption of malice and hence we reversed. Hamby had been convicted of murder in the second degree. Nor are the circumstances here comparable to those in the case of McDowell v. State, 238 Ala. 482, 191 So. 894, 899, wherein four Justices finally concluded that the judgment should be reversed because the trial court refused the defendant a new trial, in turn, because the verdict was "contrary to the great weight of the evidence."

In our opinion, the issue of appellant's guilt of the offense of murder in the second degree was, even under his own testimony, a question for jury decision and hence the trial court did not err in refusing appellant's written charges 1 and 2, which were to the effect that the jury should acquit appellant.

Refused charge 3 is bad for the reason, if for no other, that it pretermits a consideration of all the evidence. Berry v. State, 27 Ala.App. 507, 175 So. 407.

Refused charge 13 was substantially and fairly covered by the court's oral charge. Its refusal cannot work a reversal. § 273, Title 7, Code 1940.

There was no evidence as to appellant's character, good or bad. Therefore, charges 14 and 15 were abstract and were properly refused. Drake v. State, 51 Ala.

30; Walker v. State, 33 Ala.App. 614, 36 So.2d 117.

◼ Charge 16 requested by appellant was refused without error in that the trial court in its oral charge substantially and fairly explained to the jury the principle sought to be covered by that charge. § 273, Title 7, Code 1940.

◼ Laying aside the question, vel non, of their correctness, we have concluded that charges 17, 20, 25, 26, 27 and 28 were sufficiently covered by the trial court's oral charge and written charges given at the request of the appellant to avert the criticism that there was any prejudicial error to the defendant in their refusal. § 273, Title 7, Code 1940. The subject of "reasonable doubt" dealt with in those charges was amply covered by the court in its oral charge and the given charges.

◼ Charge 18 was properly refused because of its tendency to mislead. Daniels v. State, 243 Ala. 675, 11 So.2d 756.

◼ Charge 19 is indefinite and uncertain, with tendency to mislead. It was refused without error. Adams v. State, 133 Ala. 166, 31 So. 851.

An assistant coroner, called as a witness by the State, testified that he performed a post-mortem examination on the body of deceased on October 22, 1964, at the morgue at Mobile General Hospital. He was asked to state his findings. The appellant objected on the ground that it had not been shown that the body was in the same condition on the day the autopsy was performed, October 22, 1964, as it was immediately after the killing on the afternoon of October 20, 1964. The objection was overruled and the assistant coroner then testified that the post-mortem examination revealed multiple stab wounds and he explained to the jury the location of the wounds on the body of deceased. He stated that deceased had eighteen wounds in her back which ranged

from the small of her back down to the ilium. The witness stated that the cause of death was the multiple stab wounds and loss of blood.

The appellant admitted on the stand that on the afternoon of October 20, 1964, he stabbed the deceased twice while they were engaged in an argument, but he denied that he stabbed her in the back.

Consequently appellant argues that the trial court erred in permitting the assistant coroner to testify as to his findings based on the post-mortem examination made on October 22, 1964, since it was not shown that the body of deceased was in the same condition on that day as it was immediately after the killing.

◼ Appellant has cited no case and we have found none exactly in point. But there are cases which hold, in effect, that the mere fact that a post-mortem examination was made long after death is no reason in itself for its exclusion as evidence. Tarkaney v. Commonwealth, 240 Ky. 790, 43 S.W.2d 34; Williams v. State, 64 Md. 384, 1 A. 887; Moore's Heirs v. Shepherd, 63 Ky. (2 Duv.) 125. See King v. State, 55 Ark. 604, 19 S.W. 110; Benge v. Commonwealth, 265 Ky. 503, 97 S.W.2d 54. We hold that the trial court did not err in permitting the assistant coroner to testify as to his findings at the post-mortem examination.

◼ The appellant contends that the trial court erred in overruling objections interposed by his lawyer to questions asked appellant by the solicitor on cross-examination as to whether he had been convicted of second degree manslaughter. These questions were not answered. Even if it be conceded that the questions were improper, the court's action in overruling the objections to them would not work a reversal, since the rule is that improper questions not answered are harmless. Strickland v. State, 269 Ala. 573, 114 So.2d 407; Gosa v. State, 273 Ala. 346, 139 So.2d 321.

The circumstances attending the inculpatory statements made by appellant, which were proven by the State without objection, affirmatively disclose that they were made voluntarily. After cutting his wife, the appellant had another call the Mobile police department and request police officers to "pick up" the appellant. When the officers arrived they asked appellant why he had called them and he replied that he had cut his wife. He then asked the officers to accompany him to his home where the killing occurred and there appellant gave his version of the fight between himself and the deceased, with whom he had been living as his wife. The fact that appellant did not have a lawyer present at the time he called the police and admitted the cutting did not render his inculpatory statements inadmissible. Duncan v. State, 278 Ala. 145, 176 So.2d 840. There was no request that the jury be excluded while the voluntariness of the inculpatory statements was determined and, in fact, as shown above, no objection was interposed by counsel for appellant to the questions calling for proof of those statements. See Duncan v. State, supra.

The judgment below is affirmed.

Affirmed.

LIVINGSTON, C. J., and GOODWYN, MERRILL and HARWOOD, JJ., concur.

COLEMAN, J., dissents.

COLEMAN, Justice (dissenting).

I am of opinion that the court erred in overruling defendant's objection to the coroner's testimony showing the result of the post-mortem examination when it was not shown that the body, at the time of examination, was in the same condition as when found two days earlier on the day of the homicide.