The indictment charged murder in the first degree. The conviction was for murder in the first degree with a sentence for life in the penitentiary.
State's evidence tended to prove that the appellant shot and killed Willie Grimes and fully sustains the jury verdict of murder in the first degree. Appellant's evidence tended to prove that when he shot the deceased he was shooting at Shirley Grimes Smith and that the deceased jumped between them.
Appellant in his brief contends that the trial court erred to his prejudice on two grounds: first, by overruling his objection to a question propounded to him on cross-examination, and refusing to instruct the *Page 335 
jury not to consider the question; second, by permitting the introduction into evidence over his objections certain photographs of Shirley Grimes Smith.
On cross-examination of the appellant, after he had admitted that he had a prior conviction for an assault with intent to murder, the following then occurred:
 "Q Of course, Mr. Norris is just mistaken about what he saw, is that right, because what you saw or what you did that's exactly what happened?
 A Well, I know what happened. I was there. I'm not going to lie because I done it. I'm just telling you the exact way it happened. That's all I can do. I know how it happened.
 Q You know how it happened because this is not the first time you have tried to kill anybody is it?
 MR. FAILE: We're going to object to that. We object to that and ask that it be excluded and ask that the District Attorney be instructed not to ask questions of that nature because it is totally not admissible.
THE COURT: Overruled."
The question was not answered by the appellant. At the beginning of the trial the judge stated to the jury the following:
 "I think it is important that I caution you from the beginning now that nothing that I say or do at any time during the trial of the case is in any way to be considered by you as evidence in this case. The same thing holds true as to things the lawyers may say. The only evidence that you should consider in the trial of the case is the evidence that comes to you under oath from this witness stand."
Again during the trial the following statement was made by the court to the jury:
 "THE COURT: All right. Ladies and gentlemen, as I told you from the beginning of this case and I'll just say it again for emphasis that no statement that the lawyers make during the course of this trial is in any way evidence or to be considered by you as evidence. Just keep it in mind that you should only consider the evidence that comes from the witness stand and anything else you should not consider."
During the court's oral charge to the jury the following occurred:
 "An attorney's statements and arguments are not evidence, and you should disregard any remark, statement, or argument which is not supported by the evidence or by the law as given to you by the Court."
There being no answer to the question, the trial court having stated to the jury that remarks and statements of counsel are not evidence and to disregard them, we hold there was no prejudice to the appellant by the court in overruling his objection to the question. Kemp v. State, 278 Ala. 637,179 So.2d 762; Strickland v. State, 269 Ala. 573, 114 So.2d 407;Gosa v. State, 273 Ala. 346, 139 So.2d 321.
State's exhibits 3, 19, and 20 are photographs of Shirley Grimes Smith who was also shot at the scene of the crime and on the same occasion and were made in a short time after the shooting. The photographs are not gruesome, and there is nothing in them to inflame the mind of the jury against the appellant. They are of the scene of the crime made within a short time after the shooting and tend to support other evidence given by State's witnesses. We hold that the trial court did not err in overruling appellant's objections to the introduction into evidence of State's exhibits 3, 19, and 20.Smarr v. State, 260 Ala. 30, 68 So.2d 6; Grissett v. State,241 Ala. 343, 2 So.2d 399.
No other rulings of the trial court are argued in appellant's brief.
As provided by § 12-22-240, Code of Ala. 1975, we have searched the record for any errors prejudicial to the appellant and have found none.
The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by the Honorable JOSEPH J. MULLINS, a retired Circuit Judge, serving as a Judge of *Page 336 
this Court under the provisions of Section 6.10 of the new Judicial Article (Constitutional Amendment No. 328, Act # 1051, 1973); his opinion is hereby adopted as that of the Court.
The judgment below is hereby affirmed.
AFFIRMED.
All the Judges concur.