THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* HAROLD TERWILLIGER, Defendant.

City Court of Middletown, August 30, 1939.

*Walter E. Deisseroth, Corporation Counsel,* for the plaintiff.

*J. Allan Ballman,* for the defendant.

FAULKNER, J. The defendant has been charged with violating subdivision 5-a of section 1897 of the Penal Law in that he being a person over sixteen years of age had in his possession a pistol or revolver which might be concealed on his person, which firearm was at that time loaded with ammunition, without having procured the license required by law.

The defendant asserts that he is not guilty of the crime charged because he, being a duly appointed special deputy sheriff, did not require a license by virtue of the provisions of subdivision 13 of such section, which for the purposes of this decision provides as follows: " This section shall not apply to * * * sheriffs, policemen, or to other *duly* appointed peace officers."

Concededly, the defendant was neither a sheriff nor a policeman. The question for determination is whether he was one of the " duly appointed peace officers."

Section 154 of the Code of Criminal Procedure enumerates who are " peace officers." In so far as the sheriff or his appointees are concerned, it provides as follows: " A peace officer is a sheriff of a county, or his under sheriff or deputy."

Again section 960 of the Code of Criminal Procedure provides as follows: " Unless when otherwise provided, the term ' peace officer ' signifies any one of the officers mentioned in section one hundred and fifty-four."

It is unmistakably clear that the intent of the Legislature has been and is to restrict to a very limited set of public officials the right to carry the prohibited firearms unless these carriers become legally licensed.

The proof in this case establishes that the defendant had no license to carry a firearm and is not a sheriff, an undersheriff or a deputy sheriff as contemplated by section 182 of the County Law. By the provisions of this section, the undersheriff and the deputy sheriff must be appointed by a written instrument which must thereafter be duly filed. In addition, both the undersheriff and the deputy must execute their oaths of office.

Since the defendant does not come within the foregoing category of peace officers, it follows that he had no right to bear the firearm in question without a license and is guilty of the crime charged unless the definition of " peace officers " can, by implication, be extended to include the office of a special deputy sheriff, which the testimony shows was the position that he actually held when arrested.

Special deputy sheriffs are covered by sections 182 and 182-a of the County Law. The former section has been a law for many years. Under section 182, provision has been made for the sheriff or undersheriff to appoint by a written instrument, special deputies, " to do particular acts " authorized by him. They are not permanent appointees and are not required to take an oath of office.

Section 182-a was added to the County Law by chapter 192 of the Laws of 1937 and became effective on March first of that year. Under this amendment, the sheriff is authorized to appoint additional special deputies in emergencies " for the purpose of assisting

him in protecting and safeguarding life and property within the county." There is no assertion that such special deputies are peace officers even under such emergency conditions and section 154 of the Code of Criminal Procedure, previously referred to, was not amended to include such emergency special deputies as peace officers, which could readily have been done at the same term of the Legislature or the two terms which have followed. It may be that it was the thought of the Legislature that the appointment for the purpose of protecting person and property embraced the right to use the necessary weapons for such purpose, but the trouble is that the Legislature has not plainly so stated and did not make the amendments that would have made plain its intent.

No authority has been found by me, nor has any been called to my attention, construing or applying section 182-a of the County Law. On September 30, 1933, Attorney-General Bennett construed section 182 of that law in an informal opinion given to the pistol permit department of Erie county, which may be found in 48 State Department Reports, page 467. He stated that special deputies are peace officers only to a limited extent as set forth in the written instrument of appointment and that to that extent they are exempt from the provisions of section 1897 of the Penal Law.

In view of the statutory definition of "peace officers," previously referred to, it is difficult for me to agree with the Attorney-General in his conclusion that as the law stood then there was any exemption from the provisions of section 1897 of the Penal Law in so far as a special deputy sheriff is concerned.

The object of section 182-a of the County Law can be attained by the appointment of persons who have been licensed by law to carry firearms. If the intent of the Legislature was to exempt a special deputy from the provisions of section 1897 of the Penal Law, then the purpose could have been achieved by a simple but appropriate amendment to any one or all of the following: Section 1897 of the Penal Law, sections 182 and 182-a of the County Law — and it may very well be that such an amendment should be suggested to the Legislature.

While the defendant presumably did not intend to violate the statute, and believed that his position as special deputy entitled him to carry the firearm in question, nevertheless, intent is not an element of the crime. (*People* v. *Demorio*, 123 App. Div. 665; *People* v. *Grass*, 79 Misc. 457.) Having had a proscribed firearm in his possession not having been licensed, and there having been no written instrument of appointment which designated his duties or authority, he is, in my opinion, guilty of the offense charged and it is my legal duty to hold him to await the action of the grand jury.