**UNITED STATES, Appellant,**

v.

**William E. SHANNON, Appellee.**

No. 2191.

Municipal Court of Appeals for the District of Columbia.

Argued May 26, 1958.

Decided July 31, 1958.

Rehearing Denied Sept. 16, 1958.

William W. Greenhalgh, Asst. U. S. Atty., Bethesda, Md., with whom Oliver Gasch, U. S. Atty., Carl W. Belcher and Edmond T. Daly, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellant.

Raymond A. Brownlow for appellee. Evan T. Davis, Washington, D. C., also entered an appearance for appellee.

Before HOOD and QUINN, Associate Judges, and CAYTON (Chief Judge, Retired) sitting by designation under Code, § 11–776(b).

CAYTON, Acting Judge.

The Government appeals from an order quashing an information which charged defendant with carrying a deadly weapon. The prosecution was brought under Code, § 22–3204 which provides:

> "No person shall within the District of Columbia carry either openly or concealed on or about his person, except in his dwelling house or place of business or on other land possessed by him, a pistol, * * * or any deadly or dangerous weapon capable of being so concealed. * * *"

The charging language in the information recited that defendant did "unlawfully have about the person of him the said William E. Shannon, a certain deadly and dangerous weapon, to wit: a knife against the form of the statute," etc. Counsel for defendant argued that the information did not state a crime because it did not allege an intent to use the knife unlawfully against another. The trial court sustained this contention, in a ruling which is set out in the record as follows:

"The Court maintained that Section 3204 is primarily aimed at the prohibition of carrying pistols without a license and that the words 'any deadly or dangerous weapon' were inserted as a catch-all phrase to include other weapons in a general way. The Court went on to state that when Congress enacted Section 3214(b) making it a crime to possess knives over three inches with intent to use unlawfully against another, its intent was to cover the whole subject matter of knives in the District of Columbia.

"The Court then ruled that therefore in any case where the weapon is a knife, the Government must allege and prove an unlawful intent to use against another, whether brought under either Section 3204 or 3214(b), since no crime is charged unless there is alleged an intent to use unlawfully against another."

Bringing that ruling here for review the Government contends that the information sufficiently charged a crime under Code, § 22–3204 and that such section is operative and has not been repealed by Code, § 22–3214.

A much older dangerous weapon statute (1901 Code, Sec. 855) contained language requiring proof of intent of unlawful use. Such requirement was specifically omitted by Congress when in 1932 it repealed the older law and enacted Section 3204. That section was later amended in 1943, in 1947, and in 1953 (by language not controlling in our present inquiry). It is significant that on none of those occasions was anything written into the section to require proof of intent to unlawfully use a weapon. In 1953 simultaneously with the latest amendment of Section 3204, and as part of the same act,[1] Congress enacted Section 3214(b), which reads in part:

"No person shall within the District of Columbia possess, with intent to use unlawfully against another, an imitation pistol, or a dagger, dirk, razor, stiletto, or knife with a blade longer than three inches, or other dangerous weapon."

■ We must rule that the trial judge was wrong in holding that when Congress enacted 3214(b) "its intent was to cover the whole subject matter of knives in the District of Columbia." If the judge meant that 3214(b) repealed 3204, he must be held in error. In a series of hearings and reports by Senate and House Committees it was made clear that the purpose of the new legislation was to strengthen rather than supplant existing law and to provide "tighter controls over the possession of dangerous weapons." See House Report No. 3244, 81st Congress, filed January 2, 1951; House Report No. 538, 82nd Congress, filed May 31, 1951; Senate Report No. 1989, 82nd Congress, filed June 30, 1952.

Thus it cannot be said that there was an express repeal of Section 3204. Nor is there any indication of repeal by implication. The Supreme Court has said that such repeal is accomplished when the provisions of two acts are irreconcilable, or when a later act covers the whole subject matter of an earlier one and is clearly intended as a substitute for it. Posadas v. National City Bank of New York, 296 U.S. 497, 56 S.Ct. 349, 80 L.Ed. 351. Neither of those situations exists here.

We agree with the Government that the two statutes before us have "distinctive objects of correction." The later one (3214) prohibits the possession *anywhere* of certain weapons, including a knife with a blade longer than three inches, with intent to use it unlawfully against another. The section (3204) under which this prosecution was brought makes it a crime for a person to carry, elsewhere than in his own home or land or place of business, either openly or concealed, a deadly or dangerous weapon

1. June 29, 1953, 67 Stat. 94, ch. 159.

capable of being concealed. This section requires no proof of unlawful intent.

■ That is the crime charged against this defendant: that he unlawfully had about his person a deadly and dangerous weapon, described as a knife. The general validity of the statute is not under challenge, and for the purposes of his motion to quash, defendant admitted the essential allegations charged by the Government. District of Columbia v. Basiliko, D.C.Mun.App., 44 A.2d 407. That being so, the information should not have been quashed.

Naturally, we have no way of knowing what the proof will develop or what defenses or special circumstances will be presented at the trial. We say only that the information validly charged a crime.

Reversed.