James E. DEGREE, Appellant,

v.

UNITED STATES, Appellee.

No. 2220.

Municipal Court of Appeals for the District of Columbia.

Argued July 21, 1958.

Decided Sept. 3, 1958.

Curtis P. Mitchell, Washington, D. C., with whom John A. Shorter, Jr., Washington, D. C., was on the brief, for appellant.

Jack Marshall Stark, Asst. U. S. Atty., Washington, D. C., with whom Oliver Gasch, U. S. Atty., and Carl W. Belcher, Asst. U. S. Atty., Washington D. C. were on the brief, for appellee.

Before HOOD and QUINN, Associate Judges, and CAYTON (Chief Judge, Retired) sitting by designation under Code, § 11–776(b).

CAYTON, Acting Judge.

Appellant Degree was a passenger in a taxicab, along with two women and a man named Jones. Upon reaching their destination the cab driver said the fare was $1.60, and Degree handed him a dollar bill, saying that was more than his share. There was an argument between the cab driver and Jones, who refused to pay anything. Degree and Jones started away from the cab, and the driver shouted after them.

According to the driver, they were then 12 to 15 feet away, and Degree turned in his direction and said, "If you feel that way about it I will take my dollar back"; that Degree had an open knife in his hand and took two or three steps toward the driver and came within 8 or 10 feet of him; that the driver rolled up his cab window and drove off, returning to the scene with two police officers. One of the officers testified that he asked Degree about a knife, and Degree admitted having it in his pocket. Defendant testified that he voluntarily surrendered the knife to the officer. He denied much of the cab driver's testimony and specifically denied that he had ever opened the knife or used it in a menacing way. He said it was a knife he used when fishing and that he had planned to go fishing that night. General corroborating evidence was given by one of the female passengers.

Degree was tried on a charge of assault, and also on a charge of carrying a deadly weapon in violation of Code, § 22–3204 (Supp. VI). The jury acquitted him on the assault charge, and returned a verdict of guilty on the weapon charge. Urging reversal, defendant in his brief says:

"First, it is not a criminal offense under Title 22, Section 3204 for a person to carry a pocket knife. Secondly, Congress has specifically legislated in Title 22, Section 3214(b) regarding the possession of the type of knife that the appellant had, and that prosecution for an alleged offense regarding such a knife must be brought under that section."

Code, § 22–3204, under which this prosecution was brought provides:

"No person shall within the District of Columbia carry either openly or concealed on or about his person, except in his dwelling house or place of business or on other land possessed by him, a pistol, * * * or any deadly

or dangerous weapon capable of being so concealed. * * *"

Appellant says it is not a crime under this section to carry a "pocket knife." (At this point it is proper to mention that the knife, which was in evidence and is part of the record before us, has a black outer case, and a blade ⅜ of an inch wide and 4¼ inches from shank to tip.) Appellant contends that the situation is not covered by § 22–3204, above quoted, but by another section, 3214(b) (Supp. VI), which contains the following language:

"No person shall within the District of Columbia possess, with intent to use unlawfully against another, an imitation pistol, or a dagger, dirk, razor, stiletto, or knife with a blade longer than three inches, or other dangerous weapon."

The argument is pressed upon us that in enacting the section just quoted, Congress intended to make a law dealing with the possession of "any pocket knives," and that prosecutions for such possession must be brought under that section.

This question was before us within the past few weeks in another case. United States v. Shannon, D.C.Mun.App., 144 A.2d 267. There the information was brought under § 22–3204 and charged that defendant did unlawfully have about his person "a certain deadly and dangerous weapon, to wit: a knife against the form of the statute," etc. The trial court ruled among other things that § 22–3214 was intended to cover the whole subject matter of knives, and quashed the information. We reversed.

We traced the legislative history of our weapons laws back to 1901. We pointed out that in 1953, Congress enacted § 22–3214, simultaneously with the fourth and latest amendment of § 22–3204, and *as part of the same act,*[1] with the clearly expressed purpose of strengthening rather than supplanting existing law. The quoted Con-

gressional objective was to provide "tighter controls over the possession of dangerous weapons." See House Report No. 3244, 81st Congress, filed January 2, 1951; House Report No. 538, 82nd Congress, filed May 31, 1951; Senate Report No. 1989, 82nd Congress, filed June 30, 1952.

We ruled that § 22–3204 had not been repealed expressly or by implication and sustained the Government's position that the two statutes have "distinctive objects of correction." We said:

"The later one (3214) prohibits the possession *anywhere* of certain weapons, including a knife with a blade longer than three inches, with intent to use it unlawfully against another. The section (3204) under which this prosecution was brought makes it a crime for a person to carry, elsewhere than in his own home or land or place of business, either openly or concealed, a deadly or dangerous weapon capable of being concealed. This section requires no proof of unlawful intent."

Reviewing the situation again, we are satisfied that what we said in Shannon correctly covers the law of these cases generally. We hold that the Government is not required to bring all knife cases under § 22–3214.

We think it may be conceded that § 22–3204 does not require that all knives are to be considered "deadly or dangerous weapons" as a matter of law and under all conditions. The circumstances of individual cases will give shape to the issue and may frequently present a mixed question of law and fact. See People v. McCoy, 25 Cal.2d 177, 153 P.2d 315; 56 Am.Jur., Weapons and Firearms, Sec. 2, page 991; as to knives, see Commonwealth v. O'Brien, 119 Mass. 342, 20 Am.Rep. 325; Coates v. State, 29 Ala.App. 616, 199 So. 830; as to intent, see People v. Terwilliger, 172 Misc. 70, 14 N.Y.S.2d 267; People v. Syed Shah, 91 Cal.App.2d 716, 205 P.2d 1081.

1. June 29, 1953, 67 Stat. 94, ch. 159.

550

No doubt there will be many cases in which the Government will have to choose carefully before deciding under which section of the statute to prosecute. But there will be others in which prosecution may properly be brought under either section. This, plainly, is such a case. For here the defendant, as he admitted at the trial, was carrying the weapon "openly or concealed on or about his person." Here, too, was a "knife with a blade longer than three inches," and evidence of "intent to use unlawfully against another."

The prosecution was based on a valid, operative and applicable statue. The verdict was justified by the evidence.

Affirmed.