UNITED STATES, Appellant,

v.

James H. PARKER, Appellee.

No. 3084.

Municipal Court of Appeals for the
District of Columbia.

Argued Oct. 9, 1962.

Decided Nov. 28, 1962.

William W. Greenhalgh, Asst. U. S. Atty., argued for appellant. David C. Acheson, U. S. Atty., Nathan J. Paulson and Harry K. Schwartz, Asst. U. S. Attys., were on the brief for appellant.

William A. Bachrach, Washington, D. C., with whom William J. Garber, Washington, D. C., was on the brief, for appellee.

Before HOOD, Chief Judge, QUINN, Associate Judge, and CAYTON (Chief Judge, Retired) sitting by designation under Code § 11–776(b).

QUINN, Associate Judge.

The government filed an information charging appellee with violating Code 1961, 22–3214(b), in that he had "in his possession a prohibited weapon, with intent to use unlawfully against another, to wit: pistol." Section 3214(b) provides:

> "No person shall within the District of Columbia possess, with intent to use unlawfully against another, an imitation pistol, or a dagger, dirk, razor, stiletto, or knife with a blade longer than three inches, or other dangerous weapon."

Appellee moved orally to quash the information for failure to state an offense. In granting the motion the court held that the phrase "other dangerous weapon" is not sufficiently broad to cover the possession of a pistol, and that the possession of a pistol may not be charged under this section. Apparently the court was of the opinion that since it covered an "imitation pistol" Congress intended to exclude real pistols

from its operation and that all prosecutions involving real pistols should be brought under Code 1961, 22–3204. That section provides:

"No person shall within the District of Columbia carry either openly or concealed on or about his person, except in his dwelling house or place of business or on other land possessed by him, a pistol, without a license therefor issued as hereinafter provided, or any deadly or dangerous weapon capable of being so concealed. * * *"

█ These two sections have previously been the subject of our scrutiny. Our analyses of them in the Degree[1] and Shannon[2] cases should have been of some assistance to the trial court in this case. Both sections reflect the purpose of Congress to strengthen existing law and tighten controls over the possession of dangerous weapons. Each has distinctive objects of correction. Section 3204 makes it a crime for a person to carry *elsewhere* than in his home "or place of business or on land possessed by him, a pistol, without a license * * *, or any deadly or dangerous weapon capable of being so concealed." Section 3214(b) prohibits the possession *anywhere* with the intent to use unlawfully against another, "an imitation pistol, or a dagger, dirk, razor, stiletto, or knife with a blade longer than three inches, or other dangerous weapon."

█ Because of the posture of this appeal the record does not indicate whether appellee could have been prosecuted under Section 3204. There will be many cases in which the government will have to choose carefully before deciding under which section of the statute to prosecute. But there will be others in which prosecution may properly be brought under either section. In each case the circumstances surrounding the use and possession of the weapon will be controlling. We hold that the phrase "other dangerous weapon" embraces a real pistol within the meaning of Section 3214(b).

Reversed with instructions to reinstate the information.

1. Degree v. United States, D.C.Mun.App., 144 A.2d 547 (1958).

2. United States v. Shannon, D.C.Mun.App., 144 A.2d 267 (1958).