John F. RAMEY, Appellant,

v.

UNITED STATES of America, Appellee.

No. 17774.

United States Court of Appeals District of Columbia Circuit.

Argued March 3, 1964.

Decided June 25, 1964.

Certiorari Denied Oct. 12, 1964.

See 85 S.Ct. 79.

744

Mr. Rodolphe J. A. de Seife, Washington, D. C., with whom Messrs. Robert Sheriffs Moss and Frank B. Tavenner, Washington, D. C., were on the brief, for appellant.

Mr. William C. Weitzel, Jr., Asst. U. S. Atty., with whom Messrs David C. Acheson, U. S. Atty., Frank Q. Nebeker and Barry Sidman, Asst. U. S. Attys., were on the brief, for appellee.

Before FAHY, BURGER and McGOWAN, Circuit Judges.

PER CURIAM.

This appeal is from a judgment of conviction on three counts of assault with a dangerous weapon (22 D.C.Code, § 502). Appellant was charged with having made an unprovoked attack with a knife on three other young men. He asserted his innocence on the ground of self-defense, but a jury found him guilty. We are asked to reverse because of errors in (1) the admission of evidence and (2) the charging of the jury.

■ With respect to the former, it is claimed that appellant was prejudiced by the receipt in evidence of certain oral statements made by appellant while in the presence of two police officers shortly after his arrest and before he was taken before a magistrate for a preliminary hearing. These statements were that appellant had wounded the complaining witnesses with the knife but that the attack had been initiated out of fear. However, when asked whether the other young men had threatened him in any way, he is said to have answered "no." The former part of this statement is consistent with, and indeed supports, a claim of self-defense. The latter part, however, would probably be of an injurious character *vis-a-vis* this defense. Thus, these statements appear to us as looking in both directions in respect of the self-defense issue. These oral statements, when offered, were objected to on Mallory grounds. After a hearing out of the presence of the jury, they were held admissible by the District Court, in the light of the showing made that they were forthcoming within a few minutes after appellant's arrest and promptly in response to routine inquiries as to what had happened. We do not disturb the District Court's ruling in this regard.[1] United States v. Mitchell, 322 U.S. 65, 64 S.Ct. 896, 88 L.Ed. 1140 (1944).

■ Appellant urges for the first time on appeal that the statements should not have been admitted because they were not preceded by a warning to appellant that they might be used against him. There is nothing in the record, however, which establishes either the presence or the absence of such a warning; and, in the absence of an objection on this ground at the trial, we do not think that reversal is indicated under Rule 52(b), FED.R.CRIM.P.

■ The other errors asserted relate to the instruction given on self-defense. Appellant did not object to that instruction as such, but at most expressed a preference for an instruction he had submitted. But a party has no right to insist that instructions be always couched in his own language. Wheeler v. United States, 82 U.S.App.D.C. 363,

1. We note that a police report embodying in written form substantially the same matters covered by the oral statements was not offered by the prosecution, but was introduced at the instance of defense counsel.

165 F.2d 225 (1947), cert. denied, 333 U.S. 829, 68 S.Ct. 448, 92 L.Ed. 1115 (1948). The issue is whether the instruction as given was wrong. We find that it was not here. Appellant also seeks reversal because the self-defense instruction was, at the request of the jury after its deliberations had begun, reread to the jury by itself. There was neither objection nor request by appellant in this regard, and there is no occasion to treat this as a reason for reversal. See Rule 52(b), FED.R.CRIM.P.

Affirmed.