John A. NAPLES, Appellant,

v.

UNITED STATES of America, Appellee.

No. 18186.

United States Court of Appeals District of Columbia Circuit.

April 11, 1966.

Mr. Thomas A. Wadden, Jr., Miss Barbara Allen Babcock and Mr. Joseph Sitnick, Washington, D. C. (appointed by District Court), were on the motion for appellant.

Messrs. Frank Q. Nebeker and Dean W. Determan, Asst. U. S. Attys., entered appearances for appellee.

Before BAZELON, Chief Judge, BASTIAN, Senior Circuit Judge, and WRIGHT, Circuit Judge, in Chambers.

PER CURIAM.

Appellant has been twice tried and convicted in the District Court, and both convictions have been reversed and remanded for a new trial. The third trial is set for April 20, 1966. Appellant now moves to amend and clarify that part of our opinion in the second appeal which sustains the admissibility of certain confessions.

In both trials Lieutenant Culpepper's testimony of appellant's confessions was admitted in evidence. On the first appeal, decided April 13, 1962, the court *en banc*, reversing on other grounds, said of these confessions:

> " * * * There was no suggestion on the record that the Naples statement was other than completely voluntary and spontaneous. The trial judge correctly ruled that the Naples admissions to Lieutenant Culpepper might be received in evidence." 113 U.S.App. D.C. 281, 283–284, 307 F.2d 618, 620–621 (1962).

On the second appeal, the admissibility of these confessions was again challenged. While reversing on other grounds, we said:

> "On the former appeal, we held the substance of this testimony was not excluded by Mallory v. United States, 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479 (1957). * * * Without considering the merits of this holding, we apply it as the law of the case to sustain admission of this testimony." 120 U.S.App.D.C. 123, 125, 344 F.2d 508, 510 (1964).

In any new trial, the "practice" of the law of the case [1] would not operate to

---

1. The term "law of the case" "merely expresses the practice of courts generally to refuse to reopen what has been decided, not a limit to their power." Messenger

bar consideration of the admissibility of these confessions based upon material facts not heretofore adduced [2] or supervening law.[3]

The present motion to clarify is therefore denied.

BASTIAN, Senior Circuit Judge, concurs in the result.

v. Anderson, 225 U.S. 436, 32 S.Ct. 739, 56 L.Ed. 1152 (1912). Unlike *res judicata*, the practice of law of the case does not compel rigid adherence to the prior decision "because when a court becomes convinced that its declared law of the case is erroneous and would work a grave injustice, it should have the power to apply a different rule of law in the interest of getting the very case before it settled in a just manner." 1B Moore, Federal Practice ¶ 0.404 [1], p. 405 (2d ed. 1965). Thus the practice is not to be followed in the face of a new and supervening rule of law. 1B Moore, supra, ¶ 0.404 [10], at p. 575 and cases therein cited. Moreover, the practice only "applies to principles of law" enunciated by the court, 1B Moore, supra, ¶ 0.404 [1], at p. 402, and does not bar consideration of the prior decision in the light of new evidence. Cf. Gouled v. United States, 255 U.S. 298, 312–313, 41 S.Ct. 261, 65 L.Ed. 647 (1921); Anderson v. United States, 122 U.S.App.D.C. ——, 352 F.2d 945 (1965).

2. For the application of Mallory and the rule of "spontaneous confessions" to varied factual situations, compare Ricks v. United States, 118 U.S.App.D.C. 216, 334 F.2d 964 (1964); Spriggs v. United States, 118 U.S.App.D.C. 248, 335 F.2d 283 (1964); Greenwell v. United States, 119 U.S.App.D.C. 43, 336 F.2d 962 (1964), cert. denied, Greenwell v. Anderson, 380 U.S. 923, 85 S.Ct. 921, 13 L.Ed.2d 807 (1965); and Alston v. United States, 121 U.S.App.D.C. 66, 348 F.2d 72 (1965), with Naples v. United States, 113 U.S. App.D.C. 281, 307 F.2d 618 (1962); Ramey v. United States, 118 U.S.App.D. C. 355, 336 F.2d 743, cert. denied, 379 U.S. 840, 85 S.Ct. 79, 13 L.Ed.2d 47 (1964); Oliver v. United States, 118 U. S.App.D.C. 302, 335 F.2d 724 (1964), cert. denied, 379 U.S. 980, 85 S.Ct. 686, 13 L.Ed.2d 571 (1965); and Perry v. United States, 121 U.S.App.D.C. 29, 347 F.2d 813 (1964).

3. Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964).