Joseph L. SCOTT, Appellant,

v.

UNITED STATES, Appellee.

No. 4463.

District of Columbia Court of Appeals.

Argued Feb. 12, 1968.

Decided June 10, 1968.

John Louis Smith, Jr., Washington, D. C., for appellant.

Roger Eric Zuckerman, Special Asst. to the U. S. Atty., with whom David G. Bress, U. S. Atty., and Frank Q. Nebeker and Richard M. Cahill, Asst. U. S. Attys., were on the brief, for appellee.

Before HOOD, Chief Judge, and MYERS and KELLY, Associate Judges.

HOOD, Chief Judge:

Appellant was charged with and found guilty of carrying a concealed deadly or dangerous weapon in violation of D.C.Code 1967, § 22–3204.

The arresting officer testified at trial that he observed appellant and a companion, one Jessie Smith, at a movie theater. Both appellant and Smith were known to the officer, and both had been previously arrested for a narcotics violation and housebreaking. The pair sat in the balcony of the theater and watched the movie for over an hour and thereafter went downstairs to the main floor. The officer, who had been observing them all this time, approached them and asked Smith if he would step out into the lobby. The officer further testified that he had no intention to make an arrest, but merely to ask some questions and possibly make a narcotics vagrancy observation. Appellant and Smith walked into the lobby without offering any resistance. Before further conversation, Smith was seen dropping a knife he had been carrying into a nearby cigarette ash container. The officer retrieved the knife and grabbed Smith. At the same instant he noticed appellant attempting to slide a yellow handled knife up the sleeve of his coat. Appellant and his companion were immediately placed under arrest.

The knife taken from appellant was a thin folding knife, ten inches long when extended, with a blade slightly more than 4½ inches from shank to tip.

Appellant for the first time on appeal contends that § 22–3204 is unconstitutionally void for vagueness and indefiniteness. The statute states that:

> No person shall within the District of Columbia carry either openly or concealed on or about his person * * * any deadly or dangerous weapon capable of being so concealed.

Appellant argues that the statute does not state with certainty what constitutes a dangerous or deadly weapon, and that many objects which are primarily designed for peaceful purposes could be used as weapons capable of producing death or serious bodily injury.

It is settled that a criminal statute violates due process of law where the acts forbidden are so vague that a person of ordinary intelligence "could not reasonably understand that his contemplated conduct is proscribed." United States v. National Dairy Products Corp., 372 U.S. 29, 32–33, 83 S.Ct. 594, 9 L.Ed.2d 561 (1963). However, the Constitution does not require precision which is "capable of reduction to an exact mathematical formula, or of mechanical application." Siegman v. District of Columbia, D.C.Mun.App., 48 A.2d 764, 765 (1946).

██ A deadly or dangerous weapon is one which is *likely* to produce death or great bodily injury by the use made of it.[1] Such instrument may be dangerous in its ordinary use as contemplated by its design and construction, or where the purpose of carrying the object, under the circumstances, is its use as a weapon.

██ This court has previously held that all knives are not per se dangerous weapons. Degree v. United States, D.C. Mun.App., 144 A.2d 547 (1958). A knife may be used as a tool in certain trades or hobbies or it may be carried for utilitarian reasons. Section 22–3204 does not prohibit the carrying of such instruments for a legitimate purpose. The statute, as we interpret it, outlaws the carrying of an otherwise useful object where the surrounding circumstances, such as the time and place the defendant was found in possession of such an instrument, or the alteration of the object, indicate that the possessor would use the instrument for a dangerous purpose.[2]

██ In light of the Congressional intent in enacting this statute to drastically tighten the ban on carrying dangerous weapons, we do not find the statute vague or indefinite in its prohibition of objects which are not ordinarily carried about the person for personal convenience or for a legitimate purpose.

██ Appellant also challenges the sufficiency of the evidence. Proof of an intent to use a knife for an unlawful purpose is not an element of the offense. United States v. Shannon, D.C.Mun.App., 144 A.2d 267 (1958). The trial judge could not conceive any legitimate reason for carrying such a large knife in a movie theater. Appellant refused to offer an explanation. Our review of the record convinces us that there was sufficient evidence to support the trial court's finding that the knife was a deadly weapon.

██ Appellant's final argument is that there was insufficient probable cause for arrest, and that the knife was illegally seized. He contends that the arresting officer, by his own testimony, could only see about one-half of the knife handle projecting out of appellant's sleeve, and therefore the officer could not have had probable cause to believe that the knife was a prohibited weapon. Probable cause to justify an arrest for carrying a dangerous weapon does not require an exact knowledge of the character of the weapon.[3] In light of the actions of appellant's companion and appellant's own attempt to hide the knife he carried, the facts were sufficient to create probable cause for an arrest and the subsequent seizure.

The conviction is therefore

Affirmed.

---

1. Tatum v. United States, 71 App.D.C. 393, 394, 110 F.2d 555, 556 (1940); 94 C.J.S. Weapons § 1.

2. Best v. United States, D.C.App., 237 A. 2d 825 (1968). See also Degree v. United States, supra.

3. See Perry v. United States, D.C.App., 230 A.2d 721 (1967); Teresi v. United States, D.C.App., 187 A.2d 492 (1963); Dickerson v. United States, D.C.Mun. App., 120 A.2d 588 (1956).