Gregory Orasker **LEFTWITCH**, Appellant,

v.

**UNITED STATES**, Appellee.

No. 4703.

District of Columbia Court of Appeals.

Argued Dec. 9, 1968.

Decided March 21, 1969.

Mary M. Burnett, Washington, D. C., appointed by this court, for appellant.

Robert S. Bennett, Asst. U. S. Atty., with whom David G. Bress, U. S. Atty., and Frank Q. Nebeker, Asst. U. S. Atty., were on the brief, for appellee.

Before MYERS, KELLY and GALLA-GHER, Associate Judges.

GALLAGHER, Associate Judge.

While on patrol, a police officer observed appellant walking along a street looking into parked cars and trying their door handles. He observed appellant for a time and then pulled abreast of him in a car. Appellant looked in the direction of the car and then quickly withdrew behind a nearby tree. The officer got out of the car and approached appellant who reached behind his back and pulled a large butcher knife from his belt, in the area of the small of his back, and threw it to the ground in the tree box space.

Appellant was tried before a jury and convicted of carrying a deadly or dangerous weapon in violation of D.C.Code 1967, § 22–3204.[1]

1. "No person shall within the District of Columbia carry either openly or con- cealed on or about his person, except in his dwelling house or place of business or

Appellant contends here, principally, that there should be a reversal because (a) the trial court declined two requested instructions in the form offered, saying they would be given in substance, and then gave an inadequate charge on the point of law, (b) appellant was prejudiced by improper comments of the prosecutor during closing argument to the jury, and (c) the court erroneously utilized the *Allen*[2] charge.

■■■ The two instructions requested by appellant were as follows:

**Defendant's Instruction No. 1**

Section 22–3204 of the District of Columbia Code does not require that all knives are to be considered "deadly or dangerous weapons" as a matter of law and under all conditions. Simply carrying a knife is not necessarily a crime.

**Defendant's Instruction No. 2**

In addition to proving that the Defendant was carrying this knife, the Government must prove beyond a reasonable doubt that the knife was a dangerous weapon within the meaning of the law. This means that Defendant's possession of it at the time and place alleged created a *concrete threat of actual physical bodily harm to some potential victim. The Government must prove this by establishing some fact or circumstance that would indicate that Defendant intended to or was likely to use the knife to inflict bodily harm on someone as for example that he used it in a menacing manner toward someone.* Without such additional evidence proving beyond a reasonable doubt that the knife was a dangerous weapon, you must find the Defendant not guilty.

(Emphasis added.)

The arresting officer was the only witness at the trial. The defense was that the Government failed to establish that the butcher knife carried by appellant was a dangerous weapon under the statute in the circumstances of this case. When the foregoing instructions were proffered, the court declined them stating they were covered in the standard instructions to be utilized by the court and would be given in substance though not in form. The actual charge given by the court on whether the knife fell within the prohibition of Section 3204 was as follows:

"Weapon" includes any instrument of offense, anything designed to be used, or actually used, in attacking an adversary. A "deadly or dangerous weapon" is one which is likely to produce death or great bodily injury. In determining whether the instrument in question was a deadly or dangerous weapon, you may consider all the circumstances surrounding its possession and use.

Defendant's Instruction No. 1 was accurate as far as it went, Degree v. United States, D.C.Mun.App., 144 A.2d 547 (1958), but it was weighted in the defendant's favor in that it failed to instruct that the possession of the knife must be related to the circumstances shown by the evidence. Scott v. United States, D.C.App., 243 A.2d 54 (1968). We will, however, consider the two requested instructions as merged in disposing of this appeal.

Read together, the proposed instructions encompassed the defense theory[3] that intent to use the knife to menace or inflict bodily harm was a necessary ingredient of the offense.[4] This is incorrect and would have

---

on other land possessed by him * * * any deadly or dangerous weapon capable of being so concealed. * * * "

2. Allen v. United States, 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896).

3. While appellant took a definite legal position at the trial, there was no defense theory in the sense that it was based upon his evidence, as there were no defense witnesses.

4. " * * * The Government must prove this by establishing some fact or circumstance that would indicate that Defendant intended to or was likely to use the knife to inflict bodily harm on someone as

misled the jury seriously. This court has held that proof of such intent is not required under this statute. United States v. Shannon, D.C.Mun.App., 144 A.2d 267, 268–269 (1958). The appropriate test here is whether, under the circumstances, the purpose of carrying the butcher knife was its use as a weapon. Scott v. United States, *supra*, 243 A.2d at 56.

Clearly, a party has no right to insist that instructions be always couched in his own language. The crucial question is whether the court's instruction to the jury was wrong. Ramey v. United States, 118 U.S.App.D.C. 355, 336 F.2d 743, cert. denied, 379 U.S. 840, 85 S.Ct. 79, 13 L.Ed. 2d 47 (1964). The court outlined the various necessary elements of the offense, defined a "deadly or dangerous weapon" and advised that in determining whether the instrument was such a weapon "you may consider all the circumstances surrounding its possession and use." As indicated, the Government had adduced testimony concerning the conduct of appellant prior to arrest, the location of the knife on his person and his attempt to rid himself of it as the officer approached. We think the court's instruction was adequate.

Appellant's next contention is that the prosecutor commented improperly on his failure to testify, to appellant's prejudice. The comment was as follows:

And by the way, ladies and gentlemen of the jury, the defendant in this case *spoke very loud and clear* as to this knife. *And when was that? That was when he saw the officer. Because, what did he do? He took it from the small of his back and he threw it to the ground, trying to get rid of it.* (Emphasis added.)

While appellant did not object to this comment at the trial, Accardo v. United

States, 102 U.S.App.D.C. 4, 249 F.2d 519 (1957), we have nevertheless considered the contention. The key words "spoke very loud and clear" were immediately defined by the prosecutor as meaning solely appellant's *actions* just prior to arrest, specifically his attempt to rid himself of the weapon. When instructing the jury, the court admonished that no inference of guilt may be drawn from appellant's failure to testify.[5] When read in context, this was not a clear call to the jury's attention that appellant had not testified, as in White v. United States, D.C.App., 248 A.2d 825 (1969). We see no error requiring reversal.

The trial court gave the *Allen* charge when the jury reported it was unable to reach a verdict. Appellant does not attack this charge frontally but contends that since there was objection, the trial court first should have given supplemental charges in an attempt to overcome any confusion in the jurors' minds since this might have been the cause of the failure to reach a verdict. Appellant says this is particularly true since defense counsel, relying on the court's assurance that his proposed instructions (discussed above) would be given in substance, argued to the jury in accordance with the instructions he had proposed; and that this could have caused confusion in the minds of the jury leading to the initial deadlock since the court's instruction did not encompass appellant's in material part.

We have held the court's instruction on the weapon was adequate and we do not perceive cause for confusion in the minds of the jury. It was within the court's discretion to give the *Allen* charge. We see no undue coercive effect in giving this charge in the circumstances of this case. Cf. Fulwood v. United States, 125 U.S.App.

for example that he used it in a menacing manner toward someone * * *."

5. While discussing during closing argument the defendant's constitutional right to remain silent, defense counsel stated

"[m]any of you may resent the fact that he has not taken the stand to tell you why he was carrying this knife." This was prior to the prosecutor's comment in question. *Cf.* Babb v. United States, 351 F.2d 863, 867–868 (8th Cir. 1965).

D.C. 183, 369 F.2d 960 (1966), cert. denied, 387 U.S. 934, 87 S.Ct. 2058, 18 L.Ed.2d 996 (1967).

We have examined other subsidiary contentions by appellant and find no substantial error.

Affirmed.