Jesse C. GILMORE, Appellant,

v.

UNITED STATES, Appellee.

No. 5365.

District of Columbia Court of Appeals.

Argued Dec. 9, 1970.

Decided Dec. 31, 1970.

Sol Rosen, Washington, D. C., for appellant.

Kenneth Michael Robinson, Asst. U. S. Atty., with whom Thomas A. Flannery, U. S. Atty., John A. Terry and Roger M. Adelman, Asst. U. S. Attys., were on the brief, for appellee.

Before FICKLING, KERN, and YEAGLEY, Associate Judges.

PER CURIAM:

Appellant was convicted [1] by a jury of carrying a dangerous weapon—a knife—in violation of D.C.Code 1967, § 22–3204.[2] His sole contention on appeal is that there was insufficient evidence to support his conviction.

The Government presented evidence that at about three o'clock in the morning appellant was in the Trailways Bus Terminal and in possession of another person's bus ticket. He sought to dispose of a "pegged" knife when he was questioned. This is a clasp knife with the blade folding into the handle, but it had been altered by the insertion of a small peg between the blade and the handle. As a result, according to expert testimony, the knife is always "cocked" and can be more quickly opened for use than a regular folding knife. Appellant testified that he had been using the terminal to wait for a local bus which makes its last run at 12:30 a. m. and that he did not know when that bus first operated in the early morning. He explained that he used the knife in his work as a cement bag handler.

1. He was acquitted of a charge of petit larceny.

2. D.C.Code 1967, § 22–3204 provides:
No person shall within the District of Columbia carry either openly or concealed on or about his person, except in his dwelling house or place of business or on other land possessed by him, a pistol, without a license therefor issued as hereinafter provided, or any deadly or dangerous weapon capable of being so concealed.
This statute was discussed by us at some length in United States v. Shannon, D.C. Mun.App., 144 A.2d 267 (1958) and Degree v. United States, D.C.Mun.App., 144 A.2d 547 (1958).

**784**

We said recently:

Section 22–3204 does not prohibit the carrying of such instruments [knives] for a legitimate purpose. The statute, as we interpret it, outlaws the carrying of an otherwise useful object where the surrounding circumstances, such as the time and place the defendant was found in possession of such an instrument, or the alteration of the object, indicate that the possessor would use the instrument for a dangerous purpose. (Footnote omitted).[3]

We are satisfied after a review of the record that there was sufficient evidence to support the jury's verdict that appellant carried a dangerous weapon.

Affirmed.

3. Scott v. United States, D.C.App., 243 A.2d 54, 56 (1968).