Joseph NELSON, Appellant,

v.

UNITED STATES, Appellee.

No. 5441.

District of Columbia Court of Appeals.

Argued June 29, 1971.

Decided Aug. 16, 1971.

Ed Wilhite, with whom Thomas W. Farquhar, Washington, D.C., both appointed by this court, was on the brief, for appellant.

Raymond Banoun, Asst. U. S. Atty., with whom Thomas A. Flannery, U. S. Atty.,

John A. Terry, and John E. Drury, III, Asst. U. S. Attys., were on the brief, for appellee.

Before HOOD, Chief Judge, and NEBEKER and YEAGLEY, Associate Judges.

PER CURIAM:

On April 12, 1970, at approximately 6:30 p. m., appellant was arrested by Officer Jackson in Gino's carryout at 7730 Georgia Avenue, N.W., and charged with carrying a deadly weapon, a kitchen knife, in violation of D.C.Code 1967, § 22–3204.[1] The knife, which appellant was carrying in his belt, was plainly visible as the coat he was wearing was open.

Appellant contends that the Government failed to prove that he planned to use the knife as a weapon and that it was error for the trial court to hold that by putting a character witness on the stand prior to the Government's case, appellant waived his right to move for judgment of acquittal at the close of the Government's case-in-chief. Since in our view the Government's evidence was sufficient to withstand the motion, had the court below elected to hear it, we affirm without reaching the question of waiver.

In ruling upon a motion for acquittal at the close of the Government's case, the lower court in viewing " * * * the evidence in the light most favorable to the government's position" (footnote omitted), need only decide whether " * * * there [is] sufficient evidence to go to the jury because the government [does] not have to prove its case beyond a reasonable doubt * * * to withstand a motion for acquittal." Crawford v. United States, 126 U.S.App.D.C. 156, 158, 375 F.2d 332, 334 (1967).

1. "No person shall within the District of Columbia carry either openly or concealed on or about his person, except in his dwelling house or place of business or on other land possessed by him * * * any deadly or dangerous weapon capable of being so concealed. * * * "

■ In this jurisdiction, the test to be applied in determining whether a knife is a "deadly or dangerous weapon" within the meaning of the statute, is whether, under the circumstances, the purpose of carrying the kitchen knife was its use as a weapon. Leftwitch v. United States, D.C.App., 251 A.2d 646, 649 (1969); Scott v. United States, D.C.App., 243 A.2d 54, 56 (1968).

■ Appellant, in the case at bar, was a considerable distance from his home, in a public eating establishment, standing in front of the cash register during the evening hour with a kitchen knife[2] openly displayed in his belt. Thus, given these circumstances, and the jury having viewed the knife, we cannot say that there was not enough evidence for the jury to decide whether or not it was a deadly or dangerous weapon. The trial court, in deciding a motion for acquittal, need only consider " * * * whether there is sufficient evidence to allow the jury to find guilt beyond a reasonable doubt * * *." Crawford v. United States, *supra* at 158, 375 F.2d at 334.

Since there was sufficient evidence at the close of the Government's case to present a question for the jury, the motion for judgment of acquittal was properly denied. Taking this view of the case we do not reach the other questions raised by appellant. Accordingly, the judgment below is

Affirmed.

2. At trial, the knife was introduced into evidence as Government's Exhibit #1.