Robert Lewis WILLIAMS, Appellant,

v.

UNITED STATES, Appellee.

No. 5641.

District of Columbia Court of Appeals,
Argued Oct. 6, 1971.

Decided Nov. 9, 1971.

Ed Wilhite, Washington, D. C., appointed
by this court, for appellant.

Charles E. Brookhart, Asst. U. S. Atty.,
with whom Thomas A. Flannery, U. S.
Atty., John A. Terry and James F. McMullin, Asst. U. S. Attys., were on the brief,
for appellee.

Before KELLY, FICKLING and NEBEKER, Associate Judges.

FICKLING, Associate Judge:

After a jury trial appellant was convicted
of attempted destruction of property in
violation of D.C.Code 1967, § 22–403. On
appeal he contends the evidence was not
sufficient to justify his conviction. We disagree and affirm.

On the evening of September 12, 1970,
appellant and his wife entered a tavern
operated by Mr. Hugh Berry. A dispute
developed between Mr. Berry and appellant
that culminated in their going outside for
a fist fight. A crowd gathered and after
a policeman had arrived and dispersed the
crowd, Mr. Berry went back inside to close
up. Appellant, his wife, his brother, and
two friends remained on the corner of the
street where the tavern is located. They
were observed standing there by Mrs. Berry
as she and her husband closed the tavern
at approximately 2:45 a. m. After closing,
Mr. and Mrs. Berry proceeded to their car,
which was parked across the street from
the tavern. Mr. Berry observed appellant
leave the group and return several minutes
later. Upon his return appellant placed a
liquid-filled quart-size soda bottle on the
sidewalk, took off his coat, and wrapped
it around the bottle. During this time Mr.
Berry also saw appellant's wife look into
the tavern approximately seven times. Appellant and his companions then walked
about halfway down the block, at which
point appellant left the group and entered
an alley that runs behind the tavern. Mr.
Berry ran across the street into the alley
where he saw appellant standing about a
yard from the back of the tavern, looking
up at the building and holding the bottle

at eye level. Mr. Berry jumped appellant and took the bottle, which had no cap on it, away from him. He was taken back inside the tavern and was arrested upon the arrival of the police. The bottle contained an inflammable liquid, and appellant had on his person a book of matches with the cover torn off.

Mr. Berry's description of the evening's events was undisputed. Appellant attempted to explain his actions by testifying that his friend's car was out of gas so he walked to a nearby gas station. There were no gasoline containers available so he took a bottle out of a trash can, filled it, and returned to the group standing near the tavern. He testified that he wrapped his jacket around the bottle because he believed it was illegal to carry gasoline in a bottle, and that he entered the alley behind the tavern because it was a shortcut to the car. He denied having any intention of burning the tavern. Appellant's motions for a judgment of acquittal at the close of the Government's case and at the close of all the evidence were denied.

■ A motion for acquittal must be granted when, viewed in the light most favorable to the Government, "there is no evidence upon which a reasonable mind might fairly conclude guilt beyond a reasonable doubt. * * *" United States v. Lumpkin, 448 F.2d 1085 at 1091 (decided June 21, 1971) and cases cited therein. *See* also Nelson v. United States, D.C.App., 280 A.2d 531, 532 (1971).

■ Appellant argues that when all of the evidence is viewed in the light most favorable to the Government, there was preparation but no act "sufficiently overt and unequivocal" to justify his conviction for an attempted destruction of property.[1] We do not agree.

Mere preparation is not an attempt, but preparation may progress to the point of attempt. Whether it has is a question of degree which can only be resolved on the basis of the facts in each individual case. [Footnote omitted.] [Sellers v. United States, D.C.Mun.App., 131 A.2d 300, 301 (1957).]

As Chief Judge Learned Hand pointed out over twenty years ago, "To divide 'attempt' from 'preparation' by the very instant of consummation would be to revert to the old [English] doctrine [which is not the law in the United States]." United States v. Coplon, 185 F.2d 629, 633 (2d Cir. 1950), cert. denied, 342 U.S. 920, 72 S.Ct. 362, 96 L.Ed. 688 (1952).

It is significant that appellant specifically denied that he had any intention of burning the building—not that he had no intention of damaging the building.

On the basis of the series of overt acts admittedly engaged in by appellant, we cannot say that "there [was] no evidence upon which a reasonable mind might fairly conclude guilt beyond a reasonable doubt." Therefore the motions were properly denied.

Affirmed.

---

1. Brief for Appellant at 6.