**Dianna AMOS, Appellant,**

v.

**DISTRICT OF COLUMBIA, a municipal corporation, Appellee.**

**No. 7069.**

District of Columbia Court of Appeals.

Argued Aug. 15, 1973.

Decided Sept. 11, 1973.

William A. Burleson, Washington, D.C., for appellant.

E. Calvin Golumbic, Asst. Corp. Counsel, Washington, D.C., with whom C. Francis Murphy, Corp. Counsel, and Richard W. Barton, Asst. Corp. Counsel, Washington, D.C., were on the brief, for appellee.

Before REILLY, Chief Judge, and KELLY and PAIR, Associate Judges.

PER CURIAM:

This appeal is from a judgment on a directed verdict (inadvertently called a summary judgment below) for the District of Columbia at the close of appellant's opening statement in a suit to recover damages for loss of property stored in a warehouse partially destroyed by rioting mobs during the April 1968 disturbances. The claim against the District was based on an alle-

gation of negligent failure to provide against this occurrence.

 Appellant's first assignment of error is that the trial court abused its discretion in directing a verdict at the conclusion of her opening statement. We perceive no error in this ruling. The decision in Westminster Investing Corp. v. G. C. Murphy Co., 140 U.S.App.D.C. 247, 434 F. 2d 521 (1970), handed down before February 1, 1971, was properly relied upon by the trial court for holding that a valid claim for relief against the District had not been presented. *See* M.A.P. v. Ryan, D.C.App., 285 A.2d 310, 312 (1971). In *Westminster* the United States Court of Appeals for this circuit held that, absent legislation to the contrary, the District is not liable for losses incurred by the actions of riotous persons as a result of the failure of the District or its officers to maintain public order.

The subsequent decision in Carter v. Carlson, 144 U.S.App.D.C. 388, 447 F.2d 358 (1971),* is not authority to the contrary for the author of the *Carter* opinion, which dealt with an entirely different factual situation, was at pains to distinguish that case from *Westminster*. *Id*. at 398, 447 F.2d at 368.

 Appellant also contends that the directed verdict contravened the "law of the case" as some months earlier another Superior Court judge had denied a pretrial motion to dismiss the complaint against the District. It is well settled, however, that an intervening appellate decision which has determined the substantive law issue must be followed at trial, irrespective of earlier rulings in the same controversy put forward as the law of the case. Industrial Workers of the World v. Clark, 128 U.S. App.D.C. 165, 171, 385 F.2d 687, 693 (1967), cert. denied, 390 U.S. 948, 88 S.Ct.

1036, 19 L.Ed.2d 1138 (1968); Naples v. United States, 123 U.S.App.D.C. 292, 359 F.2d 276 (1966).

Affirmed.

---

\* Rev'd on other grounds, sub nom. District of Columbia v. Carter, 409 U.S. 418, 93 S.Ct. 602, 34 L.Ed. 613 (1973).