The BLACK PANTHER PARTY et al., Plaintiffs,

v.

Edward LEVI et al., Defendants.

Civ. A. No. 76–2205.

United States District Court, District of Columbia.

Jan. 25, 1980.

**252**

Bruce J. Terris, Mark H. Lynch, Washington, D. C., for plaintiffs.

Larry L. Gregg, R. Joseph Sher, Dept. of Justice, Joseph E. Casey, Washington, D. C.,

William L. Stauffer, Jr., Arlington, Va., for defendants.

## MEMORANDUM

JOHN LEWIS SMITH, Jr., District Judge.

The Black Panther Party along with some of its members and supporters bring this action against the United States, former and current high-ranking officials of several government agencies, and a former White House Assistant, contending that the defendants conspired to destroy the Party. The matter is before the Court on defendants' motion for the sanctions of dismissal and costs because plaintiffs have allegedly failed to comply with this Court's order dated August 6, 1979. On the grounds that their earlier responses were internally inconsistent, contradictory, and evasive, the August 6 order compelled plaintiffs to provide further answers clarifying previous answers, explaining inconsistencies noted by the defendants, or stating under oath that they were without further knowledge if that were the case; to have the Party's officers individually review specified interrogatories and provide whatever responsive information each might have; to file further responses based on a complete review of the plaintiffs' publication, the *Black Panther*, with respect to every issue presented by the plaintiffs' allegations; to choose between continuing to assert a claim of constitutional privilege or proceeding with this suit; and finally, in the case of plaintiff Mr. Huey Newton, either to give further answers to certain interrogatories or to withdraw his claims related to them.

*Compliance with the August 6 order*

1. The plaintiffs shall file further responses to forty four specified interrogatories, clarifying previous answers, explaining inconsistencies referred to by the defendants, providing further information, or stating under oath that they are without further knowledge of these matters.

The Party has filed supplemental responses to sixteen of these interrogatories

and states by affidavit of its designated agent that except for three items privileged from disclosure by provisions of the first amendment these responses taken together with the original and first supplemental answers constitute all the information available to the Party, including its officers. These responses were drafted by the Party's recently selected agent, Ms. JoNina Abron, who replaces the Party's earlier agent, Ms. Joan Kelley.

The answers are fatally defective in several respects. In some instances not only do they fail to clarify previous answers, they create further confusion. In other instances they either completely ignore the inconsistencies the Party was directed to address or they introduce new information inconsistent with that already given in this case and with information given under oath by another member of the Party officially authorized to speak on its behalf, Mr. Huey Newton. The new supplemental answers fail to comply with the requirements of this Court's August 6 order.

2. The plaintiffs shall direct Party officers who have responsive information to answer personally and under oath 107 specified interrogatories.

The plaintiffs refuse to comply with this directive. They continue instead to press the argument raised prior to this Court's August 6 order, that Rule 33 allows a private association to name an agent to furnish such information as is available.

■ The doctrine of the "law or rule of the case" does not always compel rigid adherence to a prior decision in a given case. Nevertheless, once an issue is litigated and decided, absent some good reason why a prior ruling is inapplicable or should no longer be followed, that ruling should stand. *Naples v. U. S.*, 123 U.S.App.D.C. 292, 293, 359 F.2d 276, 277 (D.C.Cir. 1966). There has been no such showing in the present case. The reasons set out in the August 6 order are still valid and justify this Court's discretionary requirement that the individual officers of the Party respond to particular interrogatories: records are admittedly scarce, a considerable time has elapsed since the alleged occurrences, and

many witnesses are scattered or no longer available. The quality of subsequent discovery has underlined the propriety of this ruling. As noted above, the supplemental answers filed by the Party's new agent continue to be unclear, contradictory, and internally inconsistent. The plaintiffs are once again not in compliance with the Court's explicit order.

3. The plaintiffs shall choose between continuing to assert a claim of constitutional privilege or proceeding with this lawsuit.

■ The Party continues to urge its claim of first amendment privilege with respect to the names of Central Committee members not previously disclosed (Interrogatory 21), the identity of local leaders of Party affiliates except those published in the *Black Panther* (Interrogatory 33), and the names of individual Party members not already publicly known (Interrogatory 61). Because of the special character of this litigation, which involves a suit brought several years after the alleged events by plaintiffs who have lost or destroyed almost all the relevant documents, the identity of these individuals is critical to the parties sued. These may well be the individuals able to provide defendants with the information necessary for their defense—even to the point of telling them exactly what they are accused of doing. The plaintiffs cannot choose to be litigants and at the same time exempt themselves from the rule of law that binds all federal litigants. They cannot, that is, assert the privilege and at the same time proceed with this lawsuit. *Anderson v. Nixon*, 444 F.Supp. 1195, 1199 (D.D.C.1978); *see, e. g., Independent Productions Corp. v. Loew's, Inc.*, 22 F.R.D. 266, 276–77 (S.D.N.Y.1958); 4 J. Moore, *Federal Practice* ¶ 26.60[6] at 252–54 (2d ed. 1979).

4. The plaintiffs shall file further responses based on a complete review of the Party's publication, the *Black Panther*, with respect to every issue presented by the plaintiffs' allegations.

By order of this Court dated November 13, 1979, the Party was granted additional

time to complete its review. The results of that review have now been submitted and the Court has examined the Party's responses as supplemented by information drawn from the *Black Panther*.

5. Mr. Huey Newton shall either give further answers to certain interrogatories or withdraw his claims related to them.

On November 8, 1979, Mr. Newton filed further supplemental response to six of the thirty seven interrogatories noted in the August 6 order and declared that it was not possible to answer interrogatory 37. He asserts that the remaining thirty involve claims of fifth amendment privilege. This Court ruled on August 6 that

> if plaintiff Newton is to proceed with this lawsuit on many of his claims, he must answer the interrogatories listed below. This Court is not compelling plaintiff Newton to waive any privileges he may have, but is merely leaving the choice to Mr. Newton, as a plaintiff, whether he wishes to continue to press claims relating to these interrogatories. Order of August 6, 1979, p. 6.

Mr. Newton had full notice of the potential consequences when he made his election.

Mr. Newton argues that if sanctions are now appropriate, they should operate only with respect to "claims relating to these interrogatories," contending that the unanswered interrogatories relate to two subsections of claim 57 alone: 57(d) (false arrest) and 57(e) (falsely alleged tax liability). It should first be noted that the interrogatories inquire about more than just the subjects of these two subsections. It should further be noted that Mr. Newton was also directed by the Court to answer personally and under oath, as an officer of the Party, all the interrogatories required of the officers of the Party. He has failed to comply with this mandate and there remains only the question of which sanctions are most suitable.

### The appropriate sanction

Rule 37(b)(2) provides a wide variety of sanctions that may be imposed at the Court's discretion, whether a party's actions were willful or not. The 1970 amendments to Rule 37 conform its language to the Supreme Court's ruling in *Societe Internationale Pour Participations Industrielles et Commerciales, S. A. v. Rogers*, 357 U.S. 197, 203, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958), which concluded that willfulness was germane only to the selection of sanctions. Advisory Committee Note, *printed in* C. Wright & J. Miller, Federal Practice and Procedure: Civil § 2281, at 755 n. 18 (1970). Later cases made clear that if willfulness or conscious disregard for the court's order is demonstrated, then dismissal may be appropriate. *See* 4A J. Moore, Federal Practice ¶ 37.03[2.–5], at 37–70 (2d ed. 1979).

In the case at bar, plaintiffs collectively and Mr. Newton individually were fully apprised by the Court's August 6 ruling that opting to press their claims of privilege would lead to dismissal. Their disregard for the Court's order, then, is clearly conscious. Plaintiffs' other failures to comply with the requirements of discovery, as indicated above, demonstrate further conscious disregard and so justify the sanction of dismissal. *See National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639, 643, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976).

### Award of expenses

In the final and unlettered paragraph, Rule 37(b) directs that the court "shall require the party failing to obey the order" to pay reasonable expenses, including attorney's fees, unless the court "finds that the failure was substantially justified or that other circumstances make an award of expenses unjust." Fed.R.Civ.P. 37(b)(2). In this case, the Court finds that the plaintiffs were not substantially justified in failing to comply with the order, nor do circumstances make an award unjust. Plaintiffs' behavior in frustrating the discovery process made this motion for sanctions necessary. The plaintiffs should therefore bear the reasonable expenses, including attorney's fees, incurred by the defendants in bringing this motion.